JOHN SUMMERSON v. WILLIAM HICKS ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS OF CLINTON COUNTY.

Argued March 17, 1890—Decided May 12, 1890.

(a) In a bargain for horses, the parties executed an agreement that the seller had "this day leased" the horses to the buyer for $125, "to be paid by" a date certain; that on non-payment the seller should have full possession of the horses, and that "ownership" should remain in the seller until payment in full.

(b) The $125 being unpaid, the seller, on the date fixed, took possession of the horses, and afterward, the same day, the buyer made tender of the money, which being refused, the latter brought replevin; this tender, however, was not maintained by the plaintiff by bringing the money into court:

1. In such case, the transaction was a contract of sale and not of hiring; time was not of the essence; the right of possession on the day fixed was in the seller until payment, and nothing short of payment or its legal equivalent, tender tout temps prist, could defeat the right of the seller to retain possession until payment.*

---

* See Levan v. Wilten, 135 Pa. 61.

Charge of Court below.

Before PAXSON, C. J., STERRETT, WILLIAMS, MCCOLLUM and MITCHELL, JJ.

No. 426 January Term 1889, Sup. Ct.; court below, No. 133 May Term 1886, C. P.

On April 7, 1886, two horses and two sets of harness, alleged to be of the value of $300, were replevied by the sheriff and delivered to the plaintiff, at the suit of John Summerson against William Hicks and Mary Hicks. Issue.

At the trial on March 4, 1889, it was shown that on October 31, 1885, the plaintiff, through one Garsty, made a bargain with William Hicks, husband of Mary Hicks, for two horses and harness, for the price of $225; $100 was to be paid in cash, and Mrs. Hicks " was to have a lease for $125 payable on the 1st of April for the balance." Garsty paid the $100 cash, and the team was delivered to the plaintiff; then a paper was executed which was as follows:

" This is to certify that I have this day leased to John Summerson 1 pair of dark bay horses for the sum of one hundred and twenty-five dollars, to be paid by the first of April, 1886; and, in case the said John Summerson shall fail to make said payment as above agreed to me (Mary Hicks), then I shall have full and free possession of said horse team; and it is further agreed that the ownership shall remain in hands of Mary Hicks until payment is made in full.

" LEIDY, Pa., Oct. 31, 1885.

" Witness:                    MARY HICKS.        [SEAL.]
    " H. FISH.                JOHN SUMMERSON.    [SEAL.] "

The $125 being unpaid, Mr. Hicks, early on the morning of April 1, 1886, took the horses and harness from the plaintiff's barn, and, on the afternoon of the same day, Garsty, on behalf of the plaintiff, went to Mrs. Hicks and tendered " her the money, the $125 for the lease. She says, ' I can't give it to you until I see Bill,' that is, her husband." There was no evidence that the money was ever tendered again, nor was it brought into court.

The court, MAYER, P. J., charged the jury as follows:
[Under our view of this transaction we do not think the defendants have made out such a defence as would entitle them

to recover, and we therefore instruct you to find for the plaint-
iff.] ² We can put our reasons at length upon the record.

Defendants' counsel has presented the following points upon
which he requests us to instruct you:

1. That, by the terms of the written contract of October 31,
1885, in evidence, time is made the essence of the contract;
and if the jury believe that the sum of $125 thereby agreed to
be paid by the plaintiff to the defendants " by the first of April,
1886," was not so paid, then the horses mentioned in said agree-
ment were the property of the said Mary Hicks, or said defend-
ants, and the verdict should be in favor of the defendants.

Answer: This point we refuse.³

2. Said written contract provided for the payment of $125
by the plaintiff to the said Mary Hicks " by the first of April,
1886; " and if the jury believe, from the evidence, such pay-
ment was not made or tendered to her before the first day of
April, 1886, then the title to the horses mentioned in said
agreement and in controversy in this suit was on said day in
her the said Mary Hicks, and the verdict of the jury should be
in favor of the defendants.

Answer: This point is also refused.⁴

—The jury returned a verdict in favor of the plaintiff.
Judgment having been entered, the defendants took this ap-
peal assigning for error:

1. The instruction to find for the plaintiff.
2. The portion of the charge embraced in [ ] ²
3, 4. The answers to the defendants' points.³ ⁴

*Mr. Seymour D. Ball,* for the appellants.

That time was of the essence of the contract, counsel cited:
Westerman v. Means, 12 Pa. 97; Lester v. McDowell, 18 Pa.
91; Rankin v. Woodworth, 3 P. & W. 48; Miller v. Phillips,
31 Pa. 218. That the tender made was ineffectual: Harvey
v. Hackley, 6 W. 264; Pennypacker v. Umberger, 22 Pa. 492;
Wheeler v. Woodward, 66 Pa. 158.

*Mr. Jesse Merrill,* for the appellee.

As to the meaning of the word " by," counsel cited: Ander-
son's Dict. of L., 142; Ferguson v. Coleman, 3 Rich. L. 99
(45 Am. Dec. 761). That the paper was in the nature of a

chattel mortgage: Boyle v. Rankin, 22 Pa. 168. Upon the matter of the tender: D'Arras v. Keyser, 26 Pa. 249.

OPINION, MR. JUSTICE MITCHELL:

We are unable to agree entirely with the view taken by either of the parties. Both appear to have been in some degree misled by looking at the name, and not at the substance of the contract. It is called a lease, but it is manifestly a sale. No term is stipulated for the hiring, nor any rate per month or per annum. On the contrary, it is merely said that the horses are leased for a lump sum of one hundred and twenty-five dollars. But what is conclusive of the character of the transaction, is the stipulation that " the ownership shall remain in Mary Hicks until payment is made in full." If it was merely a hiring, the ownership would have remained in Mrs. Hicks all the time, without any such stipulation. Possession was delivered to the purchaser, and if this were all the contract, plaintiff would clearly have been right in his claim to retain it. But the agreement stipulates that if the payment shall not be made as agreed, then the right of possession shall revert to the vendor, Mrs. Hicks. It is of no consequence whether tender was made before or on or after the first of April, for not only was time by the nature of the contract not of its essence, but the parties excluded any such idea by expressly stipulating for a resumption by the vendor on that date, not of the title, but of the possession, to remain until payment in full. At the date of the writ, therefore, and of the trial, the right of possession until payment was in the defendant; and, while defendant was wrong in refusing the money when tendered on April 1st, yet the tender was not valid to entitle plaintiff to a verdict in this replevin, unless it was maintained. Nothing short of payment, or its legal equivalent, a tender, tout temps prist, can, under this contract, deprive the defendant of the right to the possession of the horses, as security for the unpaid price. Some stress is laid in the argument of defendant in error on the fact of the delivery of possession to him before the signing of the so-called lease. But the oral testimony only makes still more unquestionable the fact that the transaction was a sale, and defendant in error says himself that the writing was " part of the bargain," and that he held the team under it from No

Syllabus.

vember, 1885, till April, 1886.  As to the payment of the balance of the purchase money, and the possession until such payment, the rights of the parties are clearly governed by the written paper.

Judgment reversed, and venire de novo awarded.*

4. Whether a strict limitation as to time will preclude the subsequent correction of defects in proofs duly furnished, not decided; nevertheless,

* By agreement of the parties, the case of Summerson v. Wycoff, No. 427 January Term 1889, Sup. Ct., was to be determined by the disposition of the case above reported, and the same decree was entered therein.

