## John P. Jones v. C. Wands, C. Q. Carman, C. W. Maxwell and George M. Watson, Appellants.

*Bailment—Sale—Delivery.*

Delivery does not consist in the mere transfer of location or custody of
property. There must be the mind of both parties concurring in the
transfer in accordance with the contract, the intent of one to deliver and
the other to receive.

*Bailment—Sale—Contract.*

Where a person receives goods under an agreement by which he pur-
ports to rent same at a monthly rental and upon condition that upon receipt
by the lessor of a certain monthly sum, for three months, the lessee was
to receive a bill of sale, the title in the meantime to remain in the lessor as
owner—the lessee receives them as bailee for use, and the property in the
goods is not changed unless the sum named is paid within the time desig-
nated, and the goods which remain in bailment are not liable for lessee's
debts.

*Bailment—Stipulation for return of goods.*

No stipulation is necessary for return of goods on the expiration of the
time during which a bailment is operative, for if they are not returned the
bailor may resort to his legal remedies and thus enforce his contract.

Argued Jan. 15, 1896.   Appeal No. 3, Jan. T., 1896, by de-
fendants from judgment of C. P. Lackawanna Co., Sept. T., 1890,
No. 612, on verdict for plaintiff. Before RICE, P. J., WILLARD,
WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ.   Af-
firmed.

Replevin for horses, wagon, harness, etc., of value of $400.

It appeared from the evidence that defendant, Wands, obtained possession in June, 1890, of the articles in question under a contract in writing purporting to be a lease (said agreement or contract being fully set out in the opinion of the Superior Court). The agreement was signed July 1, 1890. On August 9, 1890, Wands confessed judgment in favor of Peter Milligan for $140, and on August 16, on an execution issued thereon, the property was sold to George M. Watson; on the same day the plaintiff, Jones, issued his writ of replevin, under which the property was taken by the sheriff and delivered to him.

Plaintiff's third point was as follows:

3. Whenever a bailee, or any one in his interest, sells property as his own or claims a title inconsistent with that of the bailor, the contract of bailment ceases and the bailor may bring replevin for the property leased. A judicial sale of the property as belonging to the bailee terminates the bailment, if the purchaser claims to be owner. Affirmed. [1]

Defendants' points were as follows:

1. The plaintiff has not shown an immediate right to exclusive possession in himself at the time of bringing of the suit of the property in question. Refused. [3]

2. Upon all the evidence offered in the case, the contract created between Jones and Wands is a conditional sale, and not a bailment. Refused. [4]

3. The agreement upon which the plaintiff relies to establish a bailment lacks the essential feature in a bailment, to wit: The provision for the return of the goods at the end of the term. Refused. [5]

The court below, ARCHBALD, P. J., charged the jury inter alia as follows:

If the case depends upon that writing or depended entirely upon that writing, I should have to instruct you to render a verdict in favor of the plaintiff, because, standing upon the writing, there is merely a hiring of the property, and there is no sale. That is a question for me to dispose of, and my instructions to you are that this writing is a lease, and conveyed no title to Mr. Wands in the property. It merely was a lease for three calendar months, running from the first day of July, 1890, rent to be paid by Mr. Wands for the use of the property. [2]

*Errors assigned* were, (1) Affirming plaintiff's third point; (2) error in part of the charge of court, reciting same; (3–5) refusing to affirm defendant's 1st, 2d and 3d, points, reciting same; (6) refusing to give jury binding instructions to find for defendants.

*R. H. Patterson, Watson & Zimmerman* with him, for appellants.—The written agreement relied on by the plaintiff declares a conditional sale, and not a bailment: Hicks v. Summerson, 134 Pa. 566; Haak v. Linderman, 64 Pa. 499; Brunswick & Balke Co. v. Hoover, 95 Pa. 508; Stephens v. Gifford, 137 Pa. 219; Welsh v. Bell, 32 Pa. 12.

We have failed to find an instance in Pennsylvania where the possession of personal property was delivered at one time and an agreement entered into at a subsequent time, where the court has construed such an arrangement to be a bailment, and we also have failed to find where the court has said that an agreement, such as the one in this case, was a bailment unless there was a condition that the property should be returned at some particular time: Farquhar v. McAlevy, 142 Pa. 233; Stadtfeld v. Huntsman, 92 Pa. 53; Euwer v. Van Giesen, 6 W. N. C. 363.

*H. M. Hannah, S. B. Price* with him, for appellee.—A bailment may exist, in which a change of ownership is contemplated, but not made at the time of the bailment: Clark v. Jack, 7 Watts, 375. The same doctrine has been asserted and reasserted in a long line of cases in which the following are the most prominent: Rose v. Story, 1 Pa. 190; Rowe v. Sharp, 51 Pa. 26; Crist v. Kleber, 79 Pa. 290; Enlow v. Klein, 79 Pa. 488; Edwards' Appeal, 105 Pa. 103; Ditman v. Cottrell, 125 Pa. 606; Stoddart v. Price, 143 Pa. 537; Brown Bros. & Co. v. Billington, 163 Pa. 76.

The principle depends upon the doctrine announced by Chief Justice GIBSON many years ago in Myers v. Harvey, 2 P. & W. 481. Mere possession is at best but evidence, prima facie, of ownership of a personal chattel. The reason is that it may result from a purchase, a bailment, or a trespass: Piano Co v. Parker, 155 Pa. 210. In a recent case it is expressly decided that neither payment for the use of the property, as such, dur-

ing the bailment, nor a stipulation for its return at the expiration of the bailment is necessary to prevent the title from passing. If the property is not returned, the bailor may resort to his legal remedies, and thus enforce the contract: Edwards' Appeal, 105 Pa. 109. In all cases of this kind the Supreme Court has declared that it will refer itself to the contract of the parties, and upon its interpretation adjudge the rights of the parties litigant: Brown Bros. & Co. v. Billington, 163 Pa. 78. The court below rested the case upon the written contract, if the jury should find there was no preceding verbal contract of a different character. The jury did so find and their verdict in the judgment of the court is just and right and should stand.

OPINION BY ORLADY, J., February 20, 1896:

John P. Jones delivered the possession of a span of horses, set of harness and one wagon, to Cornelius Wands, about June 1, 1890, and as evidence of the contract between them the parties executed, on July 2, 1890, the following agreement:

"Memorandum of agreement, made and concluded this first day of July, A. D. 1890, between John P. Jones of the city of Scranton of the one part, and C. Wands of the same place, of the other part, is as follows, to wit: The said first party hereby lets, leases and demises to the said second party the following property, to wit: One span of horses, set of harness, and one wagon, all of the cash value of four hundred dollars, for the term or period of three calendar months from the date hereof. Said second party hereby covenants and agrees to keep the said property carefully, and use it in such a manner as not to injure it or to destroy its value; and if he should neglect or refuse so to do, upon ten days' notice of his intention thereof, the first party may terminate this lease. In consideration whereof the said second party hereby agrees to pay to the said first party the sum of one hundred and thirty-three and one-third dollars ($133.33), each and every month during said term. And it is also agreed that if the said second party shall fully pay the amounts above specified, that then the said first party shall execute and deliver to the said second party a bill of sale for the said property, the rentals above specified then to be applied as payment of the purchase money on said property, and until

the whole of said sum be fully paid, the title to said property shall be and remain in the said first party. And it is also agreed that the said second party shall be permitted to pay a portion of said rentals in work, as follows : Relaying sidewalk at corner of Penn Avenue and Centre street within one week from the date hereof; laying sidewalks and walks in yard at corner of Monroe Avenue and Delaware street, within thirty days from the date thereof; sidewalks and coal vaults at Nos. 907 and 909 North Washington Avenue, to be completed within three months from the date hereof. All this work to be done under directions of the first party, and to be allowed for at market prices for such work. The balance of the sum aforesaid to be paid in cash. Witness our hands the day and year aforesaid.

" JOHN P. JONES<br>" C. WANDS."

On August 9, Wands confessed a judgment before alderman Post for one hundred and forty dollars ($140), in favor of Peter Mulligan, upon which an execution was issued to constable C. Q. Garman, who, on August 16, sold the property mentioned to Geo. M. Watson. On the same day John P. Jones had issued a writ of replevin, under which the described property was taken by the sheriff and delivered to him.

This cause was put at issue by a plea of non cepit and property, and after two trials in the court below, a verdict was returned in favor of the plaintiff for the property described, and judgment entered therein. In submitting the cause to the jury, the trial judge instructed the jury in part as follows : " If the case depends upon that writing or depended entirely upon that writing, I should have to instruct you to render a verdict for the plaintiff, because standing upon the writing, there is merely a hiring of the property; there is no sale. That is a question for me to decide ; that is, the matter being in writing, it is for the court, and not for the jury to say what the writing means; and my instructions to you are that this writing is a lease and conveyed no title to Mr. Wands in this property," and submitted the question of fact to the jury, whether the written contract differed from the oral one, made when the property was delivered by Jones to Wands.

The verdict conclusively determines that the minds of the contracting parties were the same, through the different stages of the. transaction, and that the writing of July 2, 1890, was the only contract between them.   On the trial the plaintiff contended the written contract constituted a bailment, and defendants that it was a conditional sale, each submitting points for special instruction.   If the general direction of the trial judge was correct in holding the paper to be a lease, the judgment is proper; and in deciding upon the effect of that. paper, the statute creating this court directs that the decisions of the Supreme Court shall be followed as of binding authority.   In Ott v. Sweatman, 166 Pa. 217, it is held "a careful examination of the cases will show that they may be reduced to two classes, one in which the goods have been bailed to the defendant, with the right in him to purchase them during the continuance of the bailment, or at its termination, and the other in which the goods have been delivered to the defendant, under a contract of sale, in which the seller has sought to retain a lien on them for the price.   The courts, in determining whether or not the contract was one of bailment or one of sale with an attempt to retain a lien for the price, have not considered what name the parties have given to the contract, but what was its essential character."

This was a bailment for use; the amount agreed upon was to be paid primarily as rent, and upon performance of all the conditions of the contract, the rentals specified were to be applied as payment of the purchase money on the property which remained in bailment, and was not liable to a sale for payment of the lessee's debts.   Possession under such a contract was not a fraud, otherwise much of the business of men would be ended, and the poorer the bailee the less would be his ability to hire the use of property needful to him.   The delivery of possession alone, though a material indication of ownership, does not of itself constitute a sale.   There must be, in addition to the possession, at least such conditional or qualified title passed to the buyer as to give him a transferable interest in the chattels; such an interest as he can, at any time during the running of the condition, sell and dispose of at his own will: Edward's Appeal, 105 Pa. 103.   The contention by appellants, that because there was no agreement to return the prop-

erty on the expiration of the term, is fully answered by Enlow v. Klien, 79 Pa. 488, which is adopted and followed in Edward's Appeal, supra,—" neither is a stipulation for the return of the property on the expiration of the time during which the bailment is operative necessary, for if it is not returned the bailor may resort to his legal remedies, and thus enforce his contract."

The Supreme Court has twice refused to reverse this case (Enlow v. Klien), and we follow it as an authority, though it has been severely shaken in Stadtfeld v. Huntsman, 92 Pa. 53, and in Farquhar v. McAlevy, 142 Pa. 233, which cases upon their facts are clearly distinguishable from this one. In Brown Bros. & Co. v. Billington, 163 Pa. 78, the only rule to be safely followed in this class of contracts is laid down, " In all the cases which have come before us, presenting the question which appears by this record, we have referred ourselves to the contract of the parties, and upon its interpretation we have adjudged the rights of the parties litigant." The verdict relieves this case of any doubt as to any change of intention of the parties. By it the written agreement is determined to be the only contract between them, and its character and effect is for the court alone. The purpose of the parties was to effectuate a sale in the future delivery to the bailee, who was to have actual possession in the meantime, under a different arrangement. The contract was a valid one of bailment, which was preserved as between the parties, until terminated by compliance with the terms of the writing. The delivery, which is held to be a controlling circumstance, was made upon the express condition " until the whole of said sum is fully paid, the title to the said property shall be and remain in the said first party " (Jones), who had full power to terminate the lease at any time, if the property was not, in his judgment, kept carefully, and used in such a manner as not to injure or destroy its value. The authorities are so fully and ably reviewed in Brown Bros. & Co. v. Billington, supra, and in Goss Printing Press Co. v. Jordan, 171 Pa. 474, that further citation is not deemed necessary.

From these authorities we decide the case, correctly disposed of in the court below. None of the assignments of error is sustained and the judgment is affirmed.