# Frank A. Rieker and Mary G. Foehl v. Elizabeth D. Koechling, Appellant.

*Bailment—Contracts to buy at expiration of term of lease.*

An option to buy at the expiration of the term of a lease, upon payment of an additional sum, has frequently been held to be proper in contracts of bailment.

*Contracts—Bailment a question of intention.*

The courts in determining whether or not the contract was one of bailment, or one of sale with an attempt to retain a lien for the price do not consider what name the parties have given to the contract.

*Contracts—Lease of chattels—Option to buy—Bailment.*

Where the writing shows a clear intention to make a contract of bailment and that it was not a pretense but a fact, and where the property is " rented and let " " for the use, lease and hiring of the same " and the second party agrees to pay a fixed monthly rental and in default of payment to vacate the premises and to deliver up the fixtures, with an option to purchase, after the expiration of the lease, for $100 additional, and where there is nothing in the writing or testimony to warrant the court in doubting the fairness of the amount of the payments as rent; and where the identity and value of the property is preserved so that the bailor may have his own again, the contract is one of bailment and not of sale, and the goods are not subject to execution for the debts of the bailee.

Argued Nov. 11, 1896. Appeal, No. 22, Nov. T., 1896, by defendant, from judgment of C. P. Lancaster Co., June T., 1895, No. 30, on verdict for plaintiffs. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed. RICE, P. J. and BEAVER, J. dissent.

Feigned issue to try right to certain personal property. Before LIVINGSTON, P. J.

Elizabeth D. Koechling obtained judgment for $397.20 against William G. Foehl, a hotel keeper in the city of Lancaster, and levied upon certain chattels in his possession. After the goods had been levied on but before sale, they were all claimed,—some by Mary G. Foehl, wife of the defendant in the execution, and the remainder by Frank A. Rieker, who alleged that the goods claimed by him were in the possession of the defendant in the execution under and by virtue of an agreement of lease under bailment.

Other facts and the text of the agreement are set out in the opinion of the Superior Court.

Verdict and judgment for plaintiffs in the interpleader.   Defendant appealed.

*Errors assigned* were (1) refusal to give binding instructions for the defendant; (2) in directing the jury to find for the plaintiff; (3) in entering judgment on the verdict for the plaintiff; (4) in not entering judgment for defendant non obstante veredicto.

*William H. Keller,* with him *J. L. Steinmetz,* for appellant.—In order to constitute a bailment two essential requisites must be present and clearly set forth in the agreement : First, it must have a fixed and definite term during which the bailment is to continue.   Second, there must be an express stipulation for the return of the property to the bailor at the expiration of the term. If either of these essentials is lacking, the agreement is not a bailment but a sale on condition, and on execution issued against the vendee, the vendor cannot claim the property as against the execution creditor : Farquhar v. McAlevy, 142 Pa. 233 ; Stephens v. Gifford, 137 Pa. 219 ; Brunswick & Balke Co. v. Hooyer, 95 Pa. 508 ; Stadtfeld v. Huntsman, 92 Pa. 53 ; Ott v. Sweatman, 166 Pa. 217 ; Kestner & Lauer v. Cigar Co., 4 Dist. Rep. 479.

*W. U. Hensel,* with him *J. Hay Brown* and *John A. Coyle,* for appellees.—The agreement in this case was purely a contract of bailment.   In the case of Brown Bros. & Co. v. Billington, 163 Pa. 76, the whole line of cases on this subject was elaborately reviewed by Mr. Justice GREEN, and in the still more recent case, Goss Printing Press Co. v. Jordan, 171 Pa. 474, the opinion of Mr. Justice GREEN was affirmed.

The identical point at issue has been ruled by this court in Jones v. Wands, 1 Pa. Superior Ct. 269, which is altogether conclusive of this controversy.

OPINION BY ORLADY, J., April 12, 1897 :

The appellant secured judgment against William G. Foehl on which an execution was issued and a levy directed to be made on certain goods previously purchased by Frank A. Rieker

from one Markert, a former landlord of the hotel. Possession of the property was given to William G. Foehl, the execution debtor under an agreement, as follows:

" This agreement made the 8th day of February, A. D. 1895, between Frank A. Rieker of the city of Lancaster, Pennsylvania, of the one part, and William G. Foehl of Lancaster City, Pennsylvania, of the other part, Witnesses: that for and in consideration of five thousand four hundred dollars to be paid in monthly instalments of two hundred dollars each, the said party of the first part hath this day rented and let unto the said William G. Foehl the fixtures and utensils contained in Markert's café and restaurant, situated at the corner of Market and Grant streets, a schedule of which is hereunto annexed, marked exhibit A. and for the use, lease and hiring of the same, the said party of the second part agrees to pay the said sum of two hundred dollars ($200) per month, payable as aforesaid in monthly instalments, beginning February 15, 1895. The said fixtures and utensils to remain the property of Frank A. Rieker exclusively until five thousand four hundred dollars has been paid; namely, in twenty-seven instalments of two hundred ($200) each. If, at the end of the said twenty-seven months the said party of the second part shall pay to the said Frank A. Rieker one hundred dollars ($100) additional, he may purchase the said property at that price. In the mean time, upon any failure or dereliction of the said William G. Foehl, party of the second part, to pay said monthly instalments, he agrees to surrender said property and to waive all right to purchase the same, and hereby consents to an amicable ejectment from said property, and that the said party of the first part may claim and take the same without resort to replevin or to any other proceeding at law.

The party of the second part further covenants and agrees that if, at any time, he shall surrender said fixtures, or default in the payment of said rental, he will vacate the premises occupied by him at corner of Market and Grant streets, and consent to a transfer of the license thereof to any person whom the said Frank A. Rieker may name, and who may apply in the legal manner to the court of quarter sessions of Lancaster county. The said Foehl is to replace any of the articles worn out or destroyed, and the party of the second part further agrees, at

any time that he may, under the terms of this agreement, be called upon to deliver said fixtures, to deliver them up to the said F. A. Rieker in as good condition as he now receives them, reasonable wear and tear and loss from fire excepted."

Some of the goods levied upon were claimed by Mary G. Foehl, the wife of defendant, and as to them no defense was made. The remaining goods were claimed by Frank A. Rieker, and this issue framed to try the title thereto.

The trial resulted in the court directing a verdict for the plaintiff (appellee) with leave to the defendant to move to enter a judgment non obstante veredicto.

After hearing the court discharged the rule and judgment on the verdict was entered for the plaintiff. The court held: "It is undoubtedly a contract of bailment, and the delivery of the property to Foehl, under its stipulations did not pass either title or possession thereof to him, which would render it subject to levy and sale on execution by his creditors." Appellant assigns for error:

First. The refusal to give binding instructions for the defendant.

Second. Directing the jury to find for the plaintiff.

Third. Entering judgment for plaintiff on the verdict; and urges that the written contract evidences a conditional sale because, first, it does not stipulate for a fixed and definite term during which a bailment is to continue; second, there is no provision for the return of the property to the bailor at the expiration of a term.

The courts, in determining whether or not the contract was one of bailment, or one of sale with an attempt to retain a lien for the price have not considered what name the parties have given to the contract, but what was its essential character: Ott v. Sweatman, 166 Pa. 217.

The writing shows the clear intention of the parties to make a contract of bailment, and that it was not a pretense but a fact. The property is "rented and let for the use, lease and hiring of the same," the second party "agrees to pay the sum of two hundred dollars per month in twenty-seven monthly instalments, beginning February 15, 1895," "in default of the payment of said rental he will vacate the premises;" "he is to replace any of the articles worn out or destroyed" and "at

any time that he may, under the terms of this agreement, be called upon to deliver said fixtures, to deliver them up to the said F. A. Rieker in as good condition as he now receives them, reasonable wear and tear and loss from fire excepted."

During the twenty-seven months following February 15, 1895, $200 as rent would be due and payable as such.

There is no suggestion of a sale, until after $5,400 have been paid in twenty-seven monthly instalments of $200 each, when, if William G. Foehl then, " shall pay to the said Frank A. Rieker one hundred dollars additional he may purchase the said property at that price." The option to purchase was entirely with William G. Foehl, and he alone could then decide whether, after performance of the conditions of the agreement he would buy or surrender the property. After payment of all the rent, the title to the goods was still in Rieker, with the outstanding personal option to purchase in Foehl.

The delivery of the property was made upon the express condition, " the said fixtures and utensils to remain the property of Frank A. Rieker exclusively until five thousand four hundred dollars has been paid, namely, in twenty-seven instalments of two hundred dollars each," and "upon any failure or dereliction of the said William G. Foehl, to pay said monthly instalments, he agrees to surrender said property and to waive all right to purchase the same " and that Rieker may claim and take the property without resort to replevin or to any other proceeding at law.

The form of expressing the term has never been adjudicated, and the time, during which this property is leased is as fixed and definite—a certainty as to beginning and end, in the stipulation " to pay the sum of two hundred dollars per month payable as aforesaid (five thousand four hundred dollars to be paid in monthly instalments of two hundred dollars each) in monthly instalments, beginning February 15, 1895,"—as if the first and last days of the twenty-seven months had been specifically named, by day, week, month and year designation.

There is nothing in the writing, or testimony adduced on the trial to warrant the court in doubting the fairness of the amount of the payment as rent, when the character of the property, the business in which it was used, the length of the term, the manner of payment of the rent, the preservation of the property, are

considered.   The identity and value of the property was to be preserved so that the bailor might have his own again, as in Stephens v. Gifford, 137 Pa. 219.   While provision for the return of the property at the expiration of twenty-seven months is not made directly, it is made certain under the terms of the agreement, that unless William G. Foehl elects to purchase and pays the additional sum which is independent of the rent, he has no right of any kind to any part of it, and the owner has abundant legal remedy to recover possession of the property at the expiration of the term which Rieker is to deliver up in as good condition as he receives it, reasonable wear and tear and loss from fire excepted.   During the term Foehl had no right to acquire ownership of the property or to sell the whole or any part of it: Edwards' Appeal, 105 Pa. 103.

The option to buy at the expiration of the term, upon payment of an additional sum, has frequently been held to be proper in contracts of bailment: Jones v. Wands, 1 Pa. Superior Ct. 269.

The undisputed evidence is in accord with this construction of the writing.   The property was so treated by the parties, and their intention was plainly expressed in the written contract, which was one of bailment, in which the title did not pass at all as against the bailor either in favor of the bailee or his creditors.

Goss Printing Press Co. v. Jordan, 171 Pa. 474, Farquhar v. McAlevy, 142 Pa. 233, and the line of cases to which it belongs is not in conflict with the construction given this contract.

Of the Farquhar v. McAlevy contract the Supreme Court says : " It is true, it is claimed to be a lease and the transaction a bailment, but it is not so even in form."

In that case, the manifest purpose of the transaction was to sell and not hire, in this, for reasons above given the obvious intention was to lease for the term named.

The assignments of error are overruled and the judgment is affirmed.


RICE, P. J., AND BEAVER, J., DISSENTING, April 12, 1897 :

We are unable to distinguish this case from Farquhar v. McAlevy, 142 Pa. 233.   There the so-called lease was for a gross sum payable in two instalments, and upon compliance with its terms the lessee was to have the privilege of purchasing the

machinery for $1.00. Here the lease was for a gross sum payable in twenty-seven monthly instalments, and upon compliance with its terms the lessee was to have the privilege of purchasing the property for $100. There is as much reason for saying that the former was a lease for a year as that this was a lease for twenty-seven months.