## Laundry Machinery Company *v.* Fromuth.

*Vendor or vendee—Sale — Conditional sale — Void as to creditors of vendee.*

A contract which is in effect only a thinly veiled attempt to preserve a lien on goods " until the price of purchase is paid," will be construed as a conditional sale which cannot be sustained against creditors of the vendee when, whatever the original intention between the parties may have been, it is apparent from the contract and the account which was kept by the claimant, that the transaction shifted into an ordinary sale of the property.

Argued Oct. 2, 1900.   Appeal, No. 208, Oct. T., 1899, by plaintiff, in suit of W. A. E. Henrici, trading as the W. A. E. Henrici Laundry Machinery Company, against August G. Fromuth, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1895, Nos. 476 and 477, on verdicts for defendant.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.   Opinion by ORLADY, J.

Feigned issue.   Before BEITLER, J.

The facts sufficiently appear in the opinion of the court.

The court below directed verdict for defendant.   Plaintiff appealed.

*Error assigned* was in directing verdict for defendant.

*H. E. Garsed*, for appellant.—1. The delivery of the machinery to Bird & Wilson was under a contract of bailment for use, with an added option to purchase upon performance of certain conditions, and not a conditional sale.

Whether a contract of the nature of the " lease " in this case is a bailment or a conditional sale, is, as in all other contracts, purely a question of the intent of the parties : Enlow v. Klein, 79 Pa. 488.

The fact that the contract contemplates an ultimate sale of the property does not affect it character.   The vesting of the title is the criterion : Rowe v. Sharp, 51 Pa. 26 ; Goss Printing Press Co. v. Jordan, 171 Pa. 474; Brown Bros. v. Billington, 163 Pa. 76 ; Wertz v. Collender Co., 20 W. N. C. 59.

2. Since no title passed to the bailees, Bird & Wilson, their creditors had no right to levy upon the property bailed: Stoddart v. Price, 143 Pa. 537.

3. The failure to take possession of the bailed property at the expiration of the bailment by default in payment did not alter the nature of the contract: Crist v. Kleber, 79 Pa. 290; Cope v. Singer Mfg. Co., 1 Mona. 650.

*Wayne P. Rambo*, with him *Ormond Rambo*, for appellee.— The circumstances surrounding the delivery of the goods to the defendant in the execution show that a sale was contemplated. The contract of plaintiff shows a bill for goods sold and delivered, some of the goods claimed having been delivered some days before the bill was rendered, and before the contract was signed by the vendees.

The relation of debtor and creditor for the very goods claimed appears to have existed before the signing of the so-called bailment: Stadtfeld v. Hunesman, 92 Pa. 53; Martin v. Mathiot, 14 S. & R. 214.

Wherever it appears from the contract between the parties that the owner of personal property has transferred the possession thereof to another, reserving to himself the naked title thereof solely for the purpose of securing payment of the price agreed upon between them, the contract is necessarily a conditional sale and not a bailment, and while it is perfectly good as between the parties themselves, it is worthless as to creditors and bona fide purchasers from the transferee without notice: Forrest v. Nelson, 108 Pa. 481; Ladley v. Express Co., 3 Pa. Superior Ct. 149; Harper v. Hogue, 10 Pa. Superior Ct. 624.

Where a sale is contemplated, the subject-matter of the sale is liable to the vendee's creditors, although the contract may be called a lease, and although it provides that title shall not pass until purchase money is paid : Electric Co. v. Brown, 193 Pa. 351.

Numerous authorities in this state hold that a contract like the one under consideration is but a conditional sale: Ott v. Sweatman, 166 Pa. 217; Forrest v. Nelson, 108 Pa. 481.

OPINION BY ORLADY, J., November 19, 1900:

The plaintiff delivered to Bird and Wilson certain laundry

machinery, which, with other property of Bird and Wilson, was levied upon at the instance of August Fromuth. The plaintiff notified the sheriff that he claimed certain property mentioned in the levy, and as the claim was resisted, a sheriff's interpleader issue was framed to determine the question of title to the property. On the trial, the jury returned a verdict for the defendant, under direction of the court, and the plaintiff brings this appeal. The machinery was delivered to Bird and Wilson under a statement of account, or bill of goods bought, which was signed by the parties and contains a form of contract, which is contended to be a bailment for use with an added option to purchase upon performance of certain conditions. By its terms the goods were to be delivered at the depot where they were manufactured; and provided for "cash payments to be made on presentation of sight drafts, with bill of lading attached, showing that the goods have been shipped." This provision was changed after shipment by the plaintiff accepting a small cash payment and the purchaser's notes for the balance.

The contract provides, that "this property is borrowed by us and is to belong to the Henrici Machinery Company until the price of its purchase is paid, as per memorandum above, and then becomes the property of the borrower and is lent until default is made in either payment, to be held by the borrower and no other, and upon the condition that the borrower is to return it to the Henrici Machinery Company upon such default. . . . Notes and drafts, if given, are not considered as payment until they are paid, and all payments are to be forfeited by nonpayment of the balance at the time stated in this agreement."

It is a thinly veiled attempt to preserve a lien on goods "until the price of its purchase is paid." No time was fixed for a letting, so that by renewing the notes or drafts, representing the purchase price, this could be indefinitely extended. No time was fixed for the purchase price to be paid, nor for the return of the property. No amount was named for the hiring or rent for its use. No control over the property was reserved in the vendor, and there was no provision for divesting the title or possession of the vendees except on a failure to pay, not rent, but the purchase price. The account book of the claimant

shows a regular series of charge of the different items of machinery and credits of cash, notes and machinery returned, with a struck balance of $53.75, on June 20, 1895,—six months before the plaintiff issued his execution.

In this account it appears that many of the articles were charged against Bird and Wilson before they were delivered to them, and before the contracts were signed. Whatever the original intention between the parties may have been, it is apparent from the contract and the account which was kept by the claimant, that the transaction shifted into an ordinary sale of the property. The transaction, under our decisions, was clearly a conditional sale, and cannot be sustained as against the creditors of the vendee : Rieker v. Koechling, 4 Pa. Superior Ct. 286 ; Ladley v. Express Co., 3 Pa. Superior Ct. 149 ; Jones v. Wands, 1 Pa. Superior Ct. 269 ; Ott v. Sweatman, 166 Pa. 217 ; Collins v. Railroad Co., 171 Pa. 243 ; Printing Co. v. Jordan, 171 Pa. 474 ; Electric Co. v. Brown, 193 Pa. 351.

The judgment is affirmed.