## Porter *v.* Duncan, Appellant.

*Bailment—Conditional sale—Possession—Return of goods.*

A contract in writing letting a horse and wagon for a definite term for a certain sum to be paid monthly is a bailment, and it is immaterial that there was no express stipulation for the return of the goods on the expiration of the definite term, or that the bailor never had actual manual possession of the goods, if the title was vested in him, and he directed his vendor to deliver the goods to the bailee under the contract of bailment.

*Justice of the peace—Jurisdiction—Wrongful sale of property—Damages.*

In an action before a justice of the peace plaintiff's claim was for " the sum of $175 and damages for the wrongful selling of his property under execution for the debt of another." The suit was brought two years after the sale and the judgment was for $195. *Held*, that the words " and damages " did not oust the jurisdiction of the justice.

Argued May 5, 1903. Appeal, No. 34, April T., 1903, by defendant, from judgment of C. P., Fayette County, Sept. T., 1898, No. 365, on verdict for plaintiff in case of Byron Porter v. A. C. Duncan. Before RICE, P. J., BEAVER, ORLADY, W. D. PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Appeal from justice of the peace. Before BELL, P. J., specially presiding.

At the trial it appeared that the suit was brought against a

constable for the alleged wrongful sale of a horse and wagon, which had been delivered to George W. Coughenour and James B. Martin under the following agreement in writing:

"Agreement between Byron Porter of the first part and Geo. W. Coughenour and James B. Martin of the second part, all of Uniontown, Fayette County, Pa., as follows, viz: The said Byron Porter party of the first part hereby agrees to let, lease and hire unto the said Coughenour and Martin, parties of the second part, one horse and a one-horse wagon for and during a term or period of one year from the date of this agreement. In consideration whereof, that is to say for the use of said horse and wagon, the said Coughenour and Martin, parties of the second part, agree to pay the said Byron Porter, party of the first part, the sum of thirteen dollars and thirty-three and one third cents ($13.33⅓) for each and every month of the said year, to be paid monthly, and at the expiration of this lease, viz : the year mentioned, if the said Coughenour and Martin, parties of the second part, shall have fully paid all the monthly payments as herein set forth, then the said Byron Porter, party of the first part, hereby agrees to relinquish all right of ownership in the said horse and wagon, and to grant and to transfer the same to the said Coughenour and Martin, parties of the second part, so that they shall become the absolute and rightful owners of the said horse and wagon. Witness our hands and seals this 14th day of May, 1895."

Verdict and judgment for plaintiff for $131.

On a motion for a new trial Bell, P. J., filed the following opinion:

The questions of fact in this case were ably argued to the jury by the respective counsel; we cannot say that the verdict was against the manifest weight of the evidence; in view of the foregoing a new trial should not be granted unless the court is satisfied that legal error was committed during the trial.

Two errors of law are alleged. The first is that the justice had no jurisdiction, consequently the defendant was entitled to a verdict. Plaintiff's claim before the justice, however, was for "the sum of $175 and damages for the wrongful selling of his property under execution for the debt of another."

That a justice has jurisdiction in an action for damages for such "wrongful selling" is expressly ruled in Pressel v. Bice, 142 Pa. 263.

Unquestionably, then, the justice had jurisdiction unless the words "and damages" ousted his jurisdiction. But why should the word "and" before damages oust such jurisdiction? Undoubtedly lack of jurisdiction may be taken advantage of at any stage of the proceedings, but, it seems but right and reasonable that, after appeal, and during a trial on the merits, such lack of jurisdiction should be clearly apparent. It is not clearly apparent in this case. Said word "and" might fairly be rejected as surplusage or construed "as" so as to read "as damages." But, if it be urged that it is not allowble to so reject said word as surplusage, because the justices reiterates the idea in his judgment, and gives "$20.00 for additional damages caused by delay," the reply would seem to be that such damages were not consequential, recoverable only in an action of cause, but were in the nature of interest merely. The alleged wrongful sale took place nearly two years before the judgment of the justice; "$20.00" would be just about six per cent interest on the amount of the claim, $175. While interest, as interest, is not recoverable in an action of tort, yet still courts instruct juries that, in arriving at the amount of damages, they can consider and give due weight to the fact that time has intervened between the date of the injury and the time of the rendition of the verdict. If a jury, after being so instructed, would come in with a verdict "for plaintiff $500 together with $30.00 additional damages for delay" (not exceeding six per cent interest) "in all $530," the most careful trial judge, I think, would feel justified in drawing his pen through the clause "together with $30.00 additional damages for delay," and would then direct the prothonotary to take the verdict for $530.

This shows that the words "$20.00 for additional damages caused by delay" in the transcript can rightly be rejected as surplusage, because the judgment winds up with the aggregate amount found by the justice, "$195." Grosky v. Wright, 2 Kulp, 415, cited by counsel for defendant, is not an analogous case. There the damages were not simply analogous to interest, but were for "loss of buggy" while in the hands of a bailee.

58, (1903).]   Opinion of Court below—Opinion of the Court.

The second legal error complained of is failure to construe the writing, under which J. B. Martin held the horse and wagon as a conditional sale instead of a bailment. But the writing was in form a bailment; it did not undertake to sell the horse and wagon, but "to let, lease and hire" them. "No stipulation is necessary for the return of goods on the expiration of the time during which a bailment is operative:" Jones v. Wands, 1 Pa. Superior Ct. 269. As to the further contention that the paper, while in form a bailment, was but a subterfuge to cover up a chattel mortgage, we think this was a matter of fact for the jury, and was submitted to the jury in such a manner that the defendant has no just cause of complaint.

Now, May 7, 1900, the motion for a new trial is overruled.

Judgment was entered on the verdict. Defendant appealed.

*Error assigned* among others was in refusing binding instructions for defendant.

*D. W. McDonald*, with him *James R. Cray*, for appellant.

*William A. Hogg*, for appellee.

PER CURIAM, May 22, 1903 :

The appellant's counsel state that they base their claim for reversal upon two grounds : First, that the justice of the peace from whom the case was appealed had no jurisdiction, and as a consequence the court of common pleas had no jurisdiction ; second, that the contract between Porter on the one side and Coughenour and Martin on the other was a conditional sale and not a bailment. In view of this statement it is unnecessary to discuss the assignments of error in detail.

The court was clearly right in holding that the writing was in form a bailment. It was a letting for use for a definite term for a certain sum to be paid monthly, and under the authority of Jones v. Wands, 1 Pa. Superior Ct. 269, no express stipulation for the return of the goods on the expiration of that definite term was necessary to constitute a bailment. See also Stiles v. Seaton, 200 Pa. 114. Nor was it fatal to the plaintiff's rights as bailor that he never had actual manual possession

of the goods, if the title was vested in him and by his direction his vendor delivered them to Martin and Coughenour under a bona fide contract of bailment. Whether this was the nature of the transaction or the latter were the real purchasers, Porter simply advancing the price and taking this contract as security for repayment of the sum advanced, was, under the evidence, a question for the jury and was properly submitted.

As to the question of jurisdiction we can add nothing profitably to the opinion of Judge BELL overruling the motion for new trial.

All the assignments of error are overruled and the judgment is affirmed.