# Federal Sales Co. *v.* Kiefer et al., Appellants.

*Bailment—Contract—Executory—Sale—Final agreement — Replevin—Evidence—Proposals of sale—Damages—Demand—Notice —Harmless error.*

1. The fact that the original intention of the parties to a contract, was to make a sale, and that such is the legal effect of their first agreement, does not prevent a change while it is still executory, into a bailment with an alternative of future conversion into a sale on the compliance with the stipulated conditions.

2. Where the parties enter into a contract of bailment after there had been original sale proposals between them, and replevin is brought for the property covered by the bailment, that the original sale proposals were not admitted in evidence in such action, would at best be only a harmless error, as the legal effect of the transaction would not be altered.

3. It is unnecessary for a bailment lease to stipulate for a return of the property. Replevin may be brought for the property although no such stipulation is in the contract.

4. The fact that a bailor has indulged the bailee as to installment payments long overdue, does not deprive him of his right to reclaim the property in accordance with the terms of the contract.

5. Where a bailment authorized the bailor upon demand to forthwith take possession of the property, and the bailor, twenty-eight days before he issues a writ of replevin, notifies the bailee in writing he would be obliged to retake the property unless past due installments are paid, the bailee cannot set up a lack of demand as a defense.

6. In such case the notice whether oral or written need be in no set form of words.

7. Where plaintiff in the replevin rightly repossessed himself of the property covered by the bailment, the question as to who would ultimately have been the owner, if no default had been made, is irrelevant, and parol testimony on the subject is inadmissible.

8. Evidence of the damages sustained by defendant by loss of the property is inadmissible; for the extent of damages is immaterial where none are recoverable.

Argued January 10, 1922.   Appeal, No. 115, Jan. T., 1922, by defendants, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1918, No. 3037, on verdict for plaintiffs, in case of Federal Sales Co. of Philadelphia, to use of Bankers' Commercial Security Co., Inc., v. Henry P. Kiefer and John J. Ross, trading as Kiefer & Ross.   Before FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ.   Affirmed.

Replevin for five trucks.   Before SHOEMAKER, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff.   Defendant appealed.

*Errors assigned* were various rulings and instructions sufficiently appearing by the opinion of the Supreme Court, quoting record.

*Frederick J. Knaus,* with him *Otto Kraus, Jr,.* for appellant.—There was no sufficient demand: Vansciver v. Churchill, 16 Pa. Dist. R. 362.

The leases in this action, on their face, did not show the entire contract: Federal Sales Co. of Phila. v. Farrell, 264 Pa. 149; Miller v. Fichthorn, 31 Pa. 252; Reading Iron Works, 150 Pa. 369.

*Owen J. Roberts,* with him *George G. Chandler* and *George A. Maene,* for appellee.

OPINION BY MR. JUSTICE WALLING, February 6, 1922:

This action of replevin involves the title and right of possession of five motor trucks, each of which the legal plaintiff delivered to defendants upon a bailment lease, providing for eighteen monthly payments of rent, for which promissory notes were given, and containing, inter alia, the further provision, viz: "Upon any default in payment of any installment of rental, or upon breach of any condition or covenant herein made by the lessee,

the lessee shall on demand of the lessor forthwith deliver the car in as good condition as when received by the lessee (ordinary wear and tear excepted) to the lessor, and should lessee fail or refuse upon such demand to deliver the car as aforesaid to lessor, the lessee agrees that the lessor shall have the right, without any further notice or demand, forthwith to terminate this lease and to take possession of the car wherever found, and for such purpose lessee hereby licenses and authorizes lessor to enter the premises of the lessee, with or without force or process of law, and forthwith to take possession of the car." Default was made as to the payment of install- ments on each lease and thereupon plaintiff regained possession of the trucks by the writ of replevin here in question. Defendants filed an affidavit of defense and the case went to jury trial, where there was a directed verdict for plaintiff and, from judgment entered thereon, defendants brought this appeal.

Prior to the execution of each lease, the parties had entered into a written contract called a "sales proposal," being a proposition by plaintiff to furnish and deliver the truck to defendants, on terms of payment, etc., simi- lar to those later embodied in the lease. These proposals were accepted by defendants and were in form contracts of sale, but were superseded by the bailment leases, under which the trucks were delivered to the defendants. While the sales proposals remained executory it was competent for the parties to change them to bailment leases, and having done so the latter became the actual final agree- ments. "The fact that the original intention of the par- ties is to make a sale, and that such is the legal effect of their first agreement, does not prevent a change, while it is still executory, into a bailment with an alternative of future conversion into a sale on the compliance with the stipulated conditions": Goss Printing Co. v. Jordan, 171 Pa. 474; Stiles v. Seaton, 200 Pa. 114, 118.

No fraud, accident or mistake is averred; hence, the admission of the sale proposals in evidence would not

have changed the legal effect of the transactions; and their exclusion by the trial judge, whether right or wrong, did defendants no harm.

It is unnecessary for a bailment lease to stipulate for a return of the property, and the absence of a provision to that effect in those here in question is not controlling: Stiles v. Seaton, supra; Edward's App., 105 Pa. 103; Jones v. Wands et al., 1 Pa. Superior Ct. 269; Porter v. Duncan, 23 Pa. Superior Ct. 58.

Installments, long overdue, were unpaid when the writ of replevin issued, but by mere indulgence plaintiff did not lose its right to reclaim the property in accordance with the terms of the contracts. There had been no modification of the leases nor any waiver of plaintiff's rights; on the contrary, twenty-eight days before the writ issued, the use-plaintiff wrote defendants stating, inter alia, "we will be obliged to repossess these trucks unless the past due [paper] is taken care of in the near future." This is inconsistent with the claim of a waiver, being in effect a demand for the trucks unless the defaults were promptly made good, which they were not. The leases authorized plaintiff, upon demand, to forthwith take possession of the trucks, but defendants had practically a month's written notice, in addition to verbal notices as shown by the uncontradicted evidence. Such notice, whether oral or written, need be in no set form of words (1 Cyc. 696), and, as we regard the written notice sufficient, it is unnecessary to determine whether a demand must precede the suit. As defendants made no offer or effort to make good the defaults, either before or after the issuing of the writ, there is no merit in their claim of lack of demand, and nothing which required a submission of that question to the jury.

Under the correct ruling of the court below, plaintiff rightfully repossessed itself of the trucks; hence, the question as to who would ultimately have been their owner, had defendants made no default, was irrelevant and the trial judge properly excluded parol evidence re-

lating thereto; as he also did that tending to prove the damages defendants sustained by loss of the trucks; for the extent of damages is immaterial where none are recoverable.

The assignments of error are all overruled and the judgment is affirmed.