# Guy A. Willey Motor Company, Appellant, *v.* Anthony F. Ervin and William V. Ervin, Trading as A. F. Ervin & Son.

*Sheriff's interpleader—Automobiles—Title—Bailment lease—Executory sale—Final agreement.*

Where a contract is still executory, there is nothing to prevent the parties from changing it from one of conditional sale to a bailment, no rights of creditors having intervened.

The fact that the original intention of the parties is to make a sale, and that such is the legal effect of their first agreement, does not prevent a change, while it is still executory, into a bailment with an alternative of future conversion into a sale on compliance with the stipulated conditions.

An express stipulation to return the bailed property at the expiration of the term is not an essential requisite of a bailment contract.

Argued October 14, 1925. Appeal No. 72 October T., 1925, by plaintiff, from judgment of C. P. No. 5, Philadelphia County, March T., 1923, No. 9959, in the case of Guy A. Willey Motor Company, v. Anthony F. Ervin and William V. Ervin, trading as A. F. Ervin & Son. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Case stated on sheriff's interpleader. Before MARTIN, P. J.

The facts are found in the opinion of the Superior Court.

The Court entered judgment upon the case stated in favor of the defendants, in the sum of $472.44. Plaintiff appealed.

*Error assigned,* among others, was the decree of the Court.

*Rodney T. Bonsall,* and with him *Ralph B. Evans,* for appellant.—Where an executory agreement of sale is entered into, but upon the delivery of the article mentioned in the agreement the parties execute a new agreement in the form of a bailment lease, the second agreement is binding and the relation of the parties is to be ascertained therefrom: Stiles v. Seaton, 200 Pa. 114; Federal Sales Co. v. Kiefer, 273 Pa. 42; 24 C. J. 1224; Wilson v. Weaver (No. 1) 66 Pa. Superior Ct. 599; Reading Automobile Co. v. De Haven, 53 Pa. Superior Court 344.

*George J. Edwards, Jr.,* for appellees, cited: Bank v. Rudolph, 83 Pa. Superior Ct. 439; Krebs v. Phila. Life Ins. Co., 249 Pa. 330; White v. Smith, 33 Pa. 186; Hays v. Weikel, 76 Pa. Superior Ct. 465; Kelly Springfield

Road Roller Co. v. Spyker, 215 Pa. 332; Ladley v. U. S. Express Co., 3 Pa. Superior Ct. 149; Stephens v. Gifford, 137 Pa. 219; Post Printing & Publishing Co. v. Insurance Company of North America, 189 Pa. 300.

OPINION BY KELLER, J., November 13, 1925:

This is a sheriff's interpleader issue to determine the title to and ownership of an automobile levied upon in execution as the property of one Sarah T. Christie. The claimant, Guy A. Willey Motor Co., and the execution creditor, A. F. Ervin & Son, agreed upon the relevant facts and embodied them in a case stated.

It is therein stipulated that if the "relation between the claimant and Sarah T. Christie was one of conditional vendor and conditional vendee under a contract of conditional sale, then judgment shall be entered in favor of the defendants herein,......the plaintiffs in the execution, in the sum of $472.44 with interest," etc., but "if the court shall be of the opinion that the relation between said parties was that of bailor and bailee, under a bailment contract, then judgment shall be entered in favor of the claimant."

From the facts agreed upon in the case stated there can be no doubt that the original contract was one of conditional sale; but the automobile was not delivered to Miss Christie upon the execution of that contract. Delivery was not made until twelve days later, and coincident therewith the parties entered into a new contract relative to the automobile, which we are satisfied was one of bailment. While the contract was still executory there was nothing to prevent the parties from changing the contract from one of conditional sale to a bailment, no rights of creditors having intervened. "The fact that the original intention of the parties is to make a sale, and that such is the legal effect of their first agreement, does not prevent a change, while it is still executory, into a bailment with an alternative of future conversion into a sale on the compliance with

the stipulated conditions: Goss Printing Co. v. Jordan, 171 Pa. 474; Stiles v. Seaton, 200 Pa. 114, 118'': Federal Sales Co. v. Kiefer, 273 Pa. 42, 44. To the same effect see Schmidt v. Bader, 284 Pa. 41; National Cash Register Co. v. Shurber, 41 Pa. Superior Ct. 187, 190. These cases, in our opinion, rule this appeal in favor of the appellant and require a reversal of the judgment. While a contract is executory, an agreement by one party to change or modify it is a consideration for a like agreement by the other: Dreifus v. Columbian Exposition Salvage Co., 194 Pa. 475; McNish v. Reynolds, 95 Pa. 483.

That the second and final agreement between the parties was a contract of bailment is likewise settled by the decisions in Federal Sales Co. v. Kiefer, supra; and Stiles v. Seaton, supra; and Jones v. Wands, 1 Pa. Superior Ct. 269; Rieker v. Koechling, 4 Pa. Superior Ct. 286; and Porter v. Duncan, 23 Pa. Superior Ct. 58. These cases all hold that an express stipulation to return the bailed property at the expiration of the term is not an essential requisite of a bailment contract. The term in the present bailment is more definite than that in Rieker v. Koechling, supra, which was sustained by this court.

The judgment is reversed and is now entered for the plaintiff.