## Campana Pontiac, Inc. v. General Motors Corporation

*Andrew D. Regule*, for plaintiff.

*William J. Joyce*, for defendant.

STRANAHAN, P. J., January 2, 1969.—Defendant, Pontiac Motor Division, General Motors Corporation, has moved for a summary judgment, claiming the statute of limitations to have passed. The issue is what statute of limitations is applicable, i.e., the six year statute of limitations for personal service contract, or the four year statute of limitations for the sale of goods.

This action was commenced on December 29, 1967, by a complaint in assumpsit, followed by a preliminary objection, and an amended complaint of March 14, 1968. The claim is for $12,720.94, with interest from

August 7, 1962, based on an alleged failure of defendant to purchase from plaintiff unused and undamaged parts resulting from the termination of plaintiff's franchise with defendant. The contractual obligation arises from a "dealer selling agreement" entered into by and between the parties on November 1, 1960, and incorporating by reference the provisions of form No. T-451-Pontiac-60. Pursuant to section 21 at the termination of the agreement, defendant obligated itself to purchase from plaintiff all new and unused Pontiac motor vehicles of the current model on hand as well as unused and undamaged Pontiac parts at a price agreed to pursuant to a formula set forth in paragraph 21(2). However, plaintiff was obligated pursuant to paragraph 21 (4) (c) to satisfy and discharge any liens of encumbrances on said property prior to delivery thereof to Pontiac. Plaintiff brought a suit in assumpsit alleging this obligation and the defendant filed an answer containing "New Matter" alleging, inter alia, that the cause of action arose prior to August 7, 1962, and is therefore barred by the statute of limitations. Defendant by his "reply to new matter" admitted that the cause of action arose prior to August 7, 1962, and that the complaint was filed on December 20, 1967, but denied the action was barred by the statute of limitations. Section 2-725 of the Uniform Commercial Code (12 A PS §2-725) reads:

"(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year, but may not extend it".

It would appear that the contract here involved fulfills all of the requirements for a sale of goods under the provisions of the Uniform Commercial Code.

By the code the buyer is defined as a person ". . . who buys or contracts to buy goods". While the seller is

one ". . . who sells or contracts to sell goods": 12 A PS §2-103. Goods are defined as ". . . all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale". 12A PS §2-105. A purported present sale of future goods or any interest therein operates as a contract to sell.

Plaintiff contends that the sale of the automobiles or parts at the termination of the automobile agency is not within the Uniform Commercial Code dealing with sales, and is rather a "personal service contract".

Strength for this position is taken from the language of the third paragraph of the contract: "This agreement is a personal service contract, and is entered by Pontiac with dealer in reliance upon and in consideration of the personal qualifications of and representations with respect thereto of the following named person or persons who, it is agreed, will substantially participate in the ownership of dealer and/or actively participate in the operation of dealer's Pontiac dealership". Further, plaintiff contends that defendant's own written contract should be construed against it since defendant drafted the contract.

Therefore, the issue is what the statute of limitations shall be when a contract contains many obligations, some of which are in the nature of personal services and others are clearly sales of goods.

A sale may be defined as a contract bounded on a money consideration, by which the absolute or general property which is the subject of the sale is transferred from the seller to the buyer: Koehler v. St. Mary's Brewing Company, 228 Pa. 648, 77 Atl. 1016 (1910).

It is also been stated that the ordinary meaning of a "sale" is a transfer or an agreement for the transfer of title to property for a consideration: Benner v. Tacony Athletic Association, 328 Pa. 577, 196 Atl. 390; Philadelphia Association of Linen Suppliers v. Philadelphia, 139 Pa. Superior Ct. 560, 12 A. 2d 789 (1940).

The form of the contract is not conclusive of its legal nature, that is whether a sale or some other contractual relation was intended to be created by the parties: Summerson v. Hicks, 134 Pa. 566, 19 Atl. 808; Laundry Machinery Company v. Fromuth, 15 Pa. Superior Ct. 339.

It is recognized that the provisions of the sales act are inapplicable to construction agreements, even though material has been furnished and other apparatus which is incident to the construction: York Heating and Ventilating Company v. Flannery, 87 Pa. Superior Ct. 19 (1926). On the other hand where all the elements of a sale are present in an instrument, it will be given the effect of a sale, even though it may be designated as some other type of legal entity such as a lease: Airco Distributing Company v. Stuccio, 45 Luz. 67 (1955).

Clearly the four year statute of limitations which was properly pled and the facts supporting the allegation are admitted by plaintiff both in its complaint and in its reply. Therefore the case is procedurally in proper posture for decision on a motion for summary judgment, based on the statute of limitations.[1]

The defense of the statute of limitations when admitted through the pleading or depositions uniquely fits the requirements of Pennsylvania Rules of Civil Procedure 1035, for there remains no genuine issue as to any material fact. The sale of the parts contemplated in the contract of the parties was clearly within the provisions of the Uniform Commercial Code of April 6, 1953, P. L. 3, 12 A PS §2-725. This action should have been commenced within the four year period therein provided. Having failed to do so the motion for summary judgment must be granted.

The second contention of defendant that plaintiff has failed to discharge the liens and encumbrances required to give marketable title need not be dealt with here.

---

[1] See Rufo v. The Bastian-Blessing Company, 417 Pa. 107, 207 A. 2d 823 (1965).

490

ORDER

And now, January 2, 1969, it is hereby ordered that the motion for summary judgment of defendant, Pontiac Motor Division, General Motors Corporation, is granted.