## A. B. FARQUHAR v. G. M. McALEVY.

APPEAL BY THE PLAINTIFF FROM THE COURT OF COMMON PLEAS OF HUNTINGDON COUNTY.

142   233
166   225

142   233
189   306

142   233
f193  358

142       233
22 SC  ¹607

Argued April 20, 1891—Decided May 4, 1891.

(a) Machinery was delivered under a contract termed a "lease," the lessee promising to pay a sum certain in instalments, "as hire in advance for the use of said machinery so long as I shall retain it;" in case the instalments were unpaid when due, the lessor might take the machinery, without trespass, the hire then unpaid to be forfeited.

### Statement of Facts.

(*b*) It was also provided: "When I have fully complied with the conditions . . . . , I am to have the privilege of buying said machinery . . . . . upon my paying the sum of $1," on a day certain, "otherwise the title to said machinery to remain in the said" lessor, "as aforesaid." One half the "hire" being paid, the property was levied upon as belonging to the lessee:

1. There being no express stipulation for a return of the property to the alleged lessor at the end of the term, the transaction was a conditional sale, not a bailment, and the property was subject to the execution: Stadtfeld v. Huntsman, 92 Pa. 53, followed; Rowe v. Sharp, 51 Pa. 26, distinguished; Enlow v. Klein, 79 Pa. 488, limited to its own peculiar facts.

2. "We notice that many of the Pennsylvania cases, referred to in the paper-book of the appellee, are cited by the name of the reporter, in violation of the Rule of Court. Had this been observed on the argument, the paper-book would have been suppressed:" Per CURIAM. [See Rule XXVI., as amended on June 7, 1889: 125 Pa. xxii.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 311 January Term 1891, Sup. Ct.; court below, No. 25 February Term 1889, C. P.

On January 16, 1889, a feigned issue, wherein, as subsequently amended, A. B. Farquhar was plaintiff and George M. McAlevy, defendant, was framed to try the title to goods and chattels levied upon by the sheriff as the property of Solomon Hamer, upon an execution issued in favor of said McAlevy.

At the trial on December 10, 1890, the plaintiff proved that the chattels in dispute, to wit, a saw-mill, engine and boiler, were delivered to Solomon Hamer, about December 3, 1887, under the following instruments of writing:

"ORDER FOR ENGINE.

"PETERSBURG P. O., Huntingdon county, Pa.

"A B. Farquhar, York, Pa.:

"Please ship . . . . . copartners, and . . . . . trading as . . . . . to . . . . . care . . . . . station, on line of . . . . . 20 to 25-horse Ajax engine, on Cornish boiler; . . . . . One No. 2. saw mill; . . . . . for which we agree to pay a hire of $1,500 dollars, payable as follows, viz.: . . . . . dollars cash, $750 in 6 months, $750 in 12 months, from date of shipment, with interest at the rate of 6 per cent. I also agree to make settlements as above by executing bailee and judgment notes

for said amounts of hire, to be paid as stated, and also by lease, in accordance with form adopted by yourself; I also further agree to pay the freight from York, Pa., in addition to the price. The said machinery named above to be warranted as per manufacturer's warranty, a copy of which I have this day received.

"And it is further agreed and understood that the title to said machinery aforesaid shall remain in and does not pass from A. B. Farquhar, until the said hire is paid, and until all the notes given therefor are fully paid; and in default of payment as above agreed, the said A. B. Farquhar, or his agent, may take possession of and remove the same, waiving all rights, statutes, bar usages, or practice, either in law or equity to the contrary notwithstanding.

"SOLOMON HAMER. [SEAL]"

"LEASE.

"This is to Certify, That Solomon Hamer, of Petersburg, Pa., has this day hired from A. B. Farquhar, of York, Pennsylvania, 20 to 25 horse Ajax engine, on Cornish boiler and wheels, No. 2 saw-mill, . . . . . valued at $1,536, upon which. . . . . have paid $ . . . . advance hire, and I do hereby promise and agree to pay to him the further sum of $1,500 as follows: $750.00 in 6 months, $750.00 in 12 months, all with 6 per cent interest, as hire in advance for the use of said machinery, so long as I shall retain it. Said hire as aforesaid to be paid on the days and times aforesaid until the sum of $1,536 is paid. I also agree that if any instalments of hire as aforesaid is not paid when due, or within three days thereafter, the said A. B. Farquhar, or his agents, can without notice or process of law, take said machinery as above described away from my premises, without committing trespass or other violation of law, and I to forfeit the amount previously paid as hire; and I further agree to take good care of said machinery and not to under-let, remove or permit its removal from my premises without the written consent of said A. B. Farquhar.

"In the event of my failure to comply with any of the above conditions, then the hire paid to be forfeited; but when I have fully complied with the conditions of the above agreement, then I am to have the privilege of buying said machinery from the said A. B. Farquhar, upon my paying to him the sum of

one dollar, on the first day of December, 1888, otherwise the title to said machinery to remain in the said A. B. Farquhar, as aforesaid.

" Witness my hand and seal . . . . . day of . . . . . 188 .

--------------------------------  [SEAL]

-------------------------------  [SEAL]

"SOLOMON HAMER.        [SEAL]"

The plaintiff showed, further, that Hamer executed and delivered to plaintiff two judgment exemption notes for $750 each, in the ordinary form, payable in six and twelve months; that he had paid thereon but $735.58 under the terms of the "lease," and that no bill of sale of the property had been executed and delivered to him.

The defendant put the said judgment notes in evidence, and offered three letters from Hamer to the plaintiff dated respectively September 29, November 8, and November 9, 1887. In the first of these letters the writer stated that he might wish to get a saw-mill; in the second, that he wished to buy a saw-mill, and the terms upon which he wished to buy it; and in the third, he stated that the mill was to be for himself. It was objected, that the letters were written prior to the execution of the written instruments, into which they were merged.

By the court: Letters admitted; their effect to be considered hereafter; exception.[2]

At the close of the testimony, the court, FURST, P. J., upon the construction of the two papers, the order and the "lease," instructed the jury that the contract created thereby was a contract of conditional sale, and not of bailment, and directed that a verdict be returned for the defendant; exception.[1]

A rule for a new trial having been argued, the court, FURST, P. J., on January 21, 1891, filed an opinion in part as follows:

The facts, therefore, are substantially these: 1. Hamer negotiated for the purchase of the mill, pro ut his letters. 2. The full price of the mill was $1,500. 3. The result of the arrangement was the paper or order without date, signed by Hamer, and the lease according to a form adopted by A. B. Farquhar. 4. There is no time fixed in the lease during which it is hired; it shall continue so long as he (Hamer) retains it. 5. There is no time fixed for the return of the property; the only con-

dition relates to the non-payment of instalments or judgment notes.   6. If the *hire* is paid, no return of the property is ever to be made.   7. The title is to remain in Farquhar until the hire or judgment notes are paid.   8. The only condition upon which Farquhar can reclaim the property is non-payment of the notes, to wit, $1,500.   9. Nearly one half of the price was paid.

In Stephens v. Gifford, 137 Pa. 219, Mr. Justice WILLIAMS delivering the opinion of the Supreme Court, citing Benjamin on Sales, 6, says: "It is of the essence of a contract of bailment that the article bailed be returned in its own or some altered form to the bailor, so that he may have his own again." In Stadtfeld v. Huntsman, 92 Pa. 53, Mr. Justice PAXSON delivering the opinion of the court, pointed out with great clearness the distinction between a conditional sale and a bailment, in the line of cases commencing with Clow v. Woods, 5 S. & R. 275, and ending with Enlow v. Klein, 79 Pa. 488.   In Rowe v. Sharp, 51 Pa. 27, there was an express stipulation for the return to the bailor of the property at the termination of the bailment.   In the case in hand there is no agreement or stipulation to return, but simply an agreement to reclaim the property if the fifteen hundred dollars, the full price of the saw-mill, be not paid.

Referring to Enlow v. Klein, in Stadtfeld v. Huntsman, the present Chief Justice says: "An examination of the facts shows that it was a case of hiring; that $2 per week of the sum to be paid was for the use or hire of the horses."   This was an important feature of the case, in the consideration of the court when that case was before them.   The Chief Justice, however, says "that Enlow v. Klein was justified by the authorities and we do not propose to disturb it.   But we will not take one step beyond it.   We stop just where it ends."

Justice WOODWARD, in delivering the opinion of the court in Enlow v. Klein, speaking of the agreement of Enlow, which was to furnish Moritz a team of horses, etc., necessary for country peddling, he to pay $2 per week for their use, etc., says: "The use of such a word as furnish, vague as it is in its signification, would leave the clause in which it occurs of ambiguous import, if there were nothing besides to indicate the sense in which it was employed.   It might imply a sale, a lease, a loan,

a gift, or a delivery of a chattel in payment of a debt, in accordance with its context and its subject matter. As used here, it was the manifest intention of Enlow to place certain personal property belonging to him in the possession of Moritz, for the use of which weekly payments were to be made by the latter, and the ownership of which was to vest in him when, and only when, those weekly payments should have been made two hundred times." No present interest was created in Moritz by this agreement, so as to make the property subject in his hands to the claims of execution creditors. Yet, as to the principle of this case, the Supreme Court say they will stop right where it ends; that it and Rowe v. Sharp stand on the border land, and are very close cases. We may accept this view and add, they are only to be followed upon like or similar facts. The principle of these cases is not to be extended beyond the domain of facts upon which they were decided and upon which alone they are to be considered authority.

Edwards v. Ward, 105 Pa. 103, contains in the syllabus of the case this statement of the law: " To constitute a bailment, neither payment for the use of the goods nor a promise to return them is essential." In this case there was a fixed period of bailment (five years); and it must be understood in reference to a case where the bailment is limited, in which case, if not returned, the bailor may resort to his legal remedies to recover the possession. If not so understood, then it is certainly in conflict with all the cases upon the law of bailment, which is predicated of a return of the property at the expiration of the term, and is so held in Stephens v. Gifford, supra.

The case in hand is clearly a conditional sale and not a bailment. The price of the saw-mill was to be $1,500. "According to the form adopted" by A. B. Farquhar, this was to be paid in two payments of $750 each, first payment in six months, and second payment in twelve months, which is termed " hire " in the order and lease, but it is to bear interest from date of delivery of saw-mill, and to be secured by judgment exemption bonds. Hamer was also to pay the freight from York, Pa., in " addition to the price." The machinery was to be warranted as per manufacturers' warranty, a copy of which was sent with the papers. All these terms are inconsistent with a lease of the property. The whole transaction is consistent with a condi-

Arguments.

tional sale and with a sale only. The attempt to disguise it under the cloak of a bailment is too apparent, and it is as weak as apparent. There is no principle of law better settled in Pennsylvania than that a sale and delivery of personal property, with an agreement that the ownership shall remain in the vendor until the purchase money is paid, enables creditors of the vendee to seize and sell the same for the payment of his debts: Brunswick Co. v. Hoover, 95 Pa. 508. This case rules the case under consideration. It is very much like it upon the facts, and in it the same attempt was made to cover up a conditional sale with the disguise of a bailment; a disguise, the court say, " too clumsy to have the merit of being clever."

Thus holding the law, it follows that the motion for a new trial must be overruled, which is accordingly now done.

—Judgment having been entered, the plaintiff took this appeal, specifying that the court erred:

1. In directing the jury to find for the defendant.[1]

2. In admitting the defendant's offer.[2]

*Mr. H. H. Waite,* for the appellant.

Counsel cited: (1) Rowe v. Sharp, 51 Pa. 26; Ditman v. Cottrell, 125 Pa. 606; Enlow v. Klein, 79 Pa. 490; Wertz v. Collender, 8 Cent. R. 409; Myers v. Harvey, 2 P. & W. 478; Clark v. Jack, 7 W. 375; Chamberlain v. Smith, 44 Pa. 431; Snyder v. Kunkleman, 3 P. & W. 487; Crist v. Kleber, 79 Pa. 290; McCullough v. Porter, 4 W. & S. 177; Lehigh Co. v. Field, 8 W. & S. 232; Rose v. Story, 1 Pa. 190; Forrest v. Nelson, 108 Pa. 481; North v. Barr, 17 W. N. 425; Henry v. Patterson, 57 Pa. 346; Cope v. Singer Co., 1 Mona. 650; Becker v. Smith, 59 Pa. 472. (2) Caley v. Hoopes, 86 Pa. 493; Ellmaker v. Insurance Co., 5 Pa. 183; West Republic M. Co. v. Jones, 118 Pa. 55; Grubb v. Matlack, 2 Chest. Co. R. 408.

*Mr. W. McK. Williamson,* for the appellee.

Other than cases cited for the appellant, counsel cited: Stephens v. Gifford, 137 Pa. 219; Stadtfeld v. Huntsman, 92 Pa. 53; Brunswick Co. v. Hoover, 95 Pa. 508; 1 Benjamin on Sales, 10, 11; Heryford v. Davis, 102 U. S. 235.

Opinion of the Court.

Per Curiam:

We need not discuss the admissibility of the letters referred to in the second assignment of error. If we concede they were improperly received in evidence, they did the plaintiff no harm. The learned judge below ruled the case upon the construction of the article of agreement, and not upon the letters. He held that the paper called a lease, by which Solomon Hamer agreed to hire the engine and boiler from A. B. Farquhar, the plaintiff, was a conditional sale, and subjected them to execution and sale on the part of Hamer's creditors. The construction of this paper was a question of law for the court, and the learned judge ruled it correctly. It is true, it was claimed to be a lease and the transaction a bailment, but it was not even so in form. It lacked the essential feature of a bailment, viz., a stipulation for a return of the property at the end of the term, in which respect the case differs from Rowe v. Sharp, 51 Pa. 26, where there was an express stipulation for the return to the bailor of the property at the termination of the bailment. It is of the essence of a contract of bailment that the article bailed be returned, in its own or some altered form, to the bailor, so that he may have his own again: Benjamin on Sales, 6; Stephens v. Gifford, 137 Pa. 219. Enlow v. Klein, 79 Pa. 488, stands upon its own peculiar facts, and to that extent is authority; but, as remarked in Stadtfeld v. Huntsman, 92 Pa. 53, we will not go one step beyond it. The case in hand comes directly within the ruling of Stadtfeld v. Huntsman, and the agreement was clearly a conditional sale.

We notice that many of the Pennsylvania cases, referred to in the paper-book of the appellee, are cited by the name of the reporter, in violation of the rule of court. Had this been observed upon the argument, the book would have been suppressed. We regret to be obliged to call the attention of the Bar so frequently to the persistent violation of our rules in regard to the preparation of paper-books.

Judgment affirmed.