## Stiles *v.* Seaton, Appellant.

*Contract—Sale—Merger of parol agreement in written agreement.*

Where a conversation takes place between an owner of machinery and proposed purchasers in which the owner states that he has machinery to dispose of which will fill an empty room in a mill, and the purchasers say that they have room for it, and will take it, but no price is named nor any time nor terms of payment, and the parties subsequently enter into a written agreement, which is in fact a bailment, the written agreement constitutes the contract between the parties.

The fact that the original intention of the parties is to make a sale, and that such is the legal effect of their first agreement, does not prevent a change while it is still executory, into a bailment with an alternative of future conversion into a sale on the compliance with the stipulated conditions.

*Contract—Sale—Bailment—Personal property.*

A written agreement which is otherwise a bailment of personal property is not converted into a sale by the fact that it contains no stipulation for the return of the property, except the right of the lessor to re-take it on default in the payment of instalments, or violation of the covenants as to underletting, selling, etc., and by the fact that no definite term is stipulated for.

Argued Feb. 5, 1901. Appeal, No. 332, Jan. T., 1901, by defendants, from judgment of C. P. Lehigh Co., Sept. T., 1900, No. 13, on verdict for plaintiffs in case of George E. Stiles and John M. Hall, Receivers of the Dimes Savings Bank of Willimantic, Conn., v. William C. Seaton et al., trading as Seaton & Baines, and Frank M. Trexler, trustee in mortgage executed by Seaton & Baines. Before MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Replevin for certain machinery. Before ALBRIGHT, P. J.

At the trial it appeared that on July 17, 1895, John L. Walden acting for the Dimes Savings Bank of Willimantic, Connecticut, entered into the following contract with Seaton & Baines :

"EXHIBIT 'A.'

"Agreement by and between John L. Walden, of the city of Willimantic, town and county of Windham, and state of Connecticut, and William C. Seaton and Henry C. Baines, both of the city of Allentown, county of Lehigh, state of Pennsylvania,

partners in business under the firm name of Seaton & Baines, and having their office and principal place of business in said city of Allentown.

"Said John L. Walden, in consideration of two thousand dollars, received by him of said William C. Seaton and Henry C. Baines, agrees to rent, and said William C. Seaton and Henry C. Baines agree to hire the following articles of personal property, to wit:

"20 spinning frames, of 108 spindles each,
    8 spinning frames, of 93 spindles each,
    7 short spinning frames, of 72 spindles each,
    2 spinning frames, of 108 spindles each,
    8 organzine doublers,
    4 reels,
    8 winders,
    1 organzine doubler,

(all of said machinery having been manufactured by the W. G. & A. R. Morrison Company of Willimantic, Connecticut), for the monthly rent of five hundred dollars ($500), payable without demand, on the 17th day of each month next hereafter, at the office of said John L. Walden, in said town of Windham; and it is further agreed that if said rent shall be promptly and fully paid whenever the payments shall amount to the sum of nine thousand eight hundred and eighty dollars and seventy cents ($9,880.70), said property shall belong to said William C. Seaton and Henry C. Baines.

"And in consideration thereof the said William C. Seaton and Henry C. Baines, agree to use said property carefully and not to underlet, sell, or assign any interest in said property or in this lease, nor to remove it, or suffer it to be removed, or any part thereof, from the top floor in the West End Silk Mill, so-called, situated on Twelfth street, in said city of Allentown, without the written consent of said John L. Walden endorsed hereon. And if default shall at any time be made in the payments of rent, as aforesaid, or if any of the agreements herein be violated, then this lease shall become void, and said William C. Seaton and Henry C. Baines, shall, without notice, forthwith return said property in good condition, ordinary wear only excepted, to the place of business of said John L. Walden, in said town of Windham, or to any place which he, his assigns, or

representatives, may direct, and they, or either of them, may at any time with or without process of law, take actual possession thereof, and for that purpose, or to search for the same, may enter any premises of said William C. Seaton and Henry C. Baines, or to which William C. Seaton and Henry C. Baines has access, using such force as may be necessary. And said William C. Seaton and Henry C. Baines hereby waive any right of action for trespass or damages therefor, and agree to pay all cost, expenses, and fees of every kind incurred therein, and in case of a forfeiture of this lease as aforesaid, for default in payment of rent or otherwise, all moneys then having been paid shall be retained by and belong to said John L. Walden.

" Provided, however, that said John L. Walden, his agent, assigns, or representative, may at their option, elect to affirm this lease, and to sue for and recover any amount due thereon, with interest and cost.

"In witness whereof we have hereto subscribed our names and affixed our seals and to a duplicate of the same tenor and date, this seventeenth day of July, A. D. 1895.

"W. C. SEATON, [L. S.]<br>"H. C. BAINES, [L. S.]

" In presence of
THOMAS J. KELLEY."

The defendants introduced evidence which tended to show that the original intention of the parties as shown by conversations prior to July 17, 1895, was that the defendants should purchase the machinery; they also showed that a portion of the machinery had been delivered prior to the making of the written contract.

Defendants presented these points :

1. That the machinery had been delivered to Seaton & Baines before the execution of exhibit " A," and that said exhibit did not affect the terms or conditions upon which said machinery was sold and delivered. *Answer :* Refused. [1]

2. The paper marked exhibit " A " is a conditional sale and not a bailment. *Answer :* Refused. [2]

3. Under all the evidence the verdict must be for the defendants. *Answer :* Refused. [3]

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (1–3) above instructions, quoting them.

*Frank M. Trexler,* with him *Frank Jacobs,* for appellant.— The understanding between the parties at and before the delivery of the machinery must determine the character of the transaction: Morgan-Gardner Electric Co. v. Brown, 193 Pa. 352; Goss Printing Press Co. v. Jordan, 171 Pa. 474.

A sale was intended and not a bailment: Summerson v. Hicks, 134 Pa. 566; Ryle v. Knowles Loom Works, 87 Fed. Repr. 976.

The writing dated July 17, 1895, must be held to constitute a conditional sale : Ladley v. United States Express Co., 3 Pa. Superior Ct. 149; Stephens v. Gifford, 137 Pa. 219; Farquhar v. McAlevy, 142 Pa. 233; Laundry Machinery Co. v. Fromuth, 15 Pa. Superior Ct. 339; Dearborn v. Raysor, 132 Pa. 231; Bridgeport Organ Co. v. Guldin, 3 Pa. Dist. Rep. 649; Kestner & Laner v. Keiser Cigar Co., 4 Pa. Dist. Rep. 479.

We submit that this case is ruled by the decisions of this court in the following cases: Stadtfeld v. Huntsman & Co., 92 Pa. 53; Brunswick & Balke Co. v. Hoover, 95 Pa. 508; Forrest v. Nelson, 108 Pa. 481; Ott v. Sweatman, 166 Pa. 217.

*Arthur G. Dewalt* and *Marcus C. L. Kline,* for appellee.— The fact that the original intention of the parties is to make a sale, and that such is the legal effect of their first agreement, does not prevent a change while it is still executory, into a bailment: Goss Printing Press Co. v. Jordan, 171 Pa. 474; Rowe v. Sharp, 51 Pa. 26; Brown Bros. & Co. v. Billington, 163 Pa. 76.

The agreement constituted a bailment: Clark v. Jack, 7 Watts, 375; Enlow v. Klein, 79 Pa. 488; Jones v. Wands, 1 Pa. Superior Ct. 269; Rieker v. Koechling, 4 Pa. Superior Ct. 286; Brown Bros. & Co. v. Billington, 163 Pa. 76.

OPINION BY MR. JUSTICE MITCHELL, July 17, 1901:

Appellant claims first that the machinery was delivered under a verbal contract of sale, and that this fact should at least have been submitted to the jury. But there was no sufficient evidence on which the jury could have so found. A conversation took place in which the owner stated that he had machinery to

dispose of which would fill the empty room in the mill, and defendants said they had room for it and would take it. This is the utmost that was testified to. No price was named nor any time or terms of payment. Before complete delivery was made the parties signed the written agreement on which plaintiff sues. It is evident that this was regarded by both parties as the completion of the previous inchoate understanding, and the learned judge was clearly right in holding that the writing was the only contract between the parties.

But even if there had been a complete verbal agreement to sell, no title passed until delivery. The vendor might still rescind, or the parties change it to a bailment. " The fact that the original intention of the parties is to make a sale, and that such is the legal effect of their first agreement, does not prevent a change while it is still executory, into a bailment with an alternative of future conversion into a sale on the compliance with the stipulated conditions: " Goss Printing Press Co. v. Jordan, 171 Pa. 474.

Secondly, the appellant argued that the written agreement was one of sale and not of bailment. The grounds of this contention are, (a) that the agreement contains no stipulation for the return of the machinery except the right of plaintiffs to retake it on default in the payment of the instalments, or violation of the covenants as to underletting, selling, etc.; and (b) that no definite term is stipulated for. But while both these provisions are important, and sometimes controlling evidence of the intention of the parties in executing the instrument, neither is essential to the existence of a bailment: Enlow v. Klein, 79 Pa. 488; Edwards's Appeal, 105 Pa. 103. The bailee may at any time make default in the payments and thereby indicate his intention to give up possession. Ordinarily that will terminate the bailment, but if as here, the bailor has the option to affirm and continue the lease and to collect the payments in full, the case is the same as that of the lessee of a house, who, having stipulated to pay a certain amount of rent, must continue to pay though he does not choose any longer to occupy the premises. When the bailor has exercised his privilege to collect the full amount the instrument continues in force, and by its terms the bailment becomes a sale and title passes to the purchaser. In regard to the term it may be indefinite, at so much

per week or month or other period, in which case it will have the effect of a lease at will, but is none the less a bailment so long as it continues in force.

Judgment affirmed.