## Scott, Appellant, v. Massey.

*Sale—Bailment—Purchaser without notice.*

Where a parol contract of sale of a boiler has been completely executed, and subsequently the seller and purchaser by an agreement in writing change the contract to a bailment, and thereafter the boiler is sold and delivered to a third person who had no notice of the written agreement of bailment, the purchaser takes a good title as against the original owner.

Argued Oct. 16, 1901.　Appeal, No. 96, Oct. T., 1901, by plaintiff, from judgment of C. P. No. 4, Phila. Co., June T., 1900, No. 557, on verdict for defendant in case of Robert Scott v. Charles T. Massey and David P. Meyerson.　Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ.　Affirmed.

Replevin for a boiler.

At the trial it appeared that on January 6, 1900, Robert Scott sold and delivered to Charles T. Massey by parol sale a water heating boiler for a hotel.　Massey not being able to make payment on account of the price of the boiler executed the following paper:

"This agreement made and concluded this 12th day of April, 1900, between Robert Scott, contracting engineer, of the City of Philadelphia, of the first part, and Charles T. Massey, of the City of Philadelphia, of the second part, witnesseth:

"That the said party of the first part hereby agrees and doth let unto the said party of the second part one No. 10 Volunteer Steam Boiler, lying and being in and upon premises No. 128 North Twelfth street, Philadelphia, at a monthly rental or sum of $15.00, to be paid on the first days of May, June, July and August, and the monthly rental or sum of $35.00 to be paid on the first days of September, October, November and December, 1900.

"It is hereby expressly agreed that if, on the first day of December, A. D. 1900, the said party of the second part hath paid unto the said party of the first part the sum or sums aggregating $200.00, then the said party of the first part shall make and deliver unto the said party of the second part a good

and sufficient bill of sale for the boiler described as aforesaid and it is distinctly understood that the said party of the second part has no right, title or interest in said boiler described as aforesaid until said sum of $200.00 shall have been paid.

" It is hereby agreed that if the said party of the second part shall make default in the payment of the rentals upon the days herein set forth, that the said party of the first part shall have the right to enter in and take possession of said No. 10 Volunteer Steam Boiler without any hindrance from said party of the second part and that all rent paid on account of the letting of said boiler shall be lost to the said party of the second part.

" In witness whereof the said parties have hereunto set their hands and seals the day and year first above written.

" Witness present,

" FRANK A. HARRIGAN.        ROBERT SCOTT.        [Seal.]

" CHAS. T. MASSEY."  [Seal.]

Thereafter Massey sold and disposed of all his personal property to one William R. Bricker, who, subsequently, disposed of all his interest therein to one David P. Myerson.   Included in the bill of sale, from Bricker to Myerson, was the boiler in dispute.

Scott replevied the boiler from Meyerson.

The court gave binding instructions for David P. Meyerson.

Verdict and judgment for Meyerson.   Plaintiff appealed.

*Error assigned* was the charge of the court.

*Frank A. Harrigan*, for appellant, cited : Enlow v. Klein, 79 Pa. 488; Jones v. Wands, 1 Pa. Superior Ct. 274; Edwards's App., 105 Pa. 103; Lippincott v. Scott, 198 Pa. 283.

*Sidney L. Krauss*, with him *William A. Carr* and *W. Horace Hepburn*, for appellee, cited: Goss Printing Press Co. v. Jordan, 171 Pa. 474; Ott v. Sweatman, 166 Pa. 218; Farquhar v. McAlevy, 142 Pa. 233; Brunswick & Balke Co. v. Hoover, 95 Pa. 508; Stadtfield v. Huntsman, 92 Pa. 53; Krause v. Commonwealth, 93 Pa. 418; Camden Wood Turning Co. v. Malcolm, 190 Pa. 62.

OPINION BY BEAVER, J., November 11, 1901 :

Stiles v. Seaton, 200 Pa. 114, distinctly decides that neither

a definite period nor a stipulation to return the property is essential to the existence of a bailment. If, therefore, there was nothing in the case under consideration but the written agreement of April 12, 1900, between the plaintiff and Massey, we would be bound to hold that it constituted a bailment and the instruction of the court below to find for the defendant would have been erroneous. But the written agreement is not the inception of the transaction. The subject of the alleged bailment is "one No. 10 Volunteer Steam Boiler lying and being in and upon premises No. 128 North Twelfth Street, Philadelphia." This boiler, as appears from the testimony of the plaintiff, was sold to Massey January 6, 1900, charged in plaintiff's book and delivered to and installed in the hotel kept by Massey. It was only after repeated efforts to secure payments on account of the sale and as many failures that the so-called bailment was resorted to. If between January 8, the date of the sale, and April 12, the date of the written agreement, Massey had sold the boiler to the appellee, he could undoubtedly have passed a good title thereto; or, if in the meantime creditors had levied thereon and a sale had been made under the levy, a good title would have passed to the purchaser. This was not the case of Stiles v. Seaton, 200 Pa. 114, where there had been a conversation between the parties as to the sale of certain machinery in which "no price was named nor any time or terms of payment. Before complete delivery was made, the parties signed the written agreement."

Mr. Justice MITCHELL, in the opinion in that case, says: "But even if there had been a complete verbal agreement to sell, no title passed until delivery. The vendor might still rescind or the parties change it to a bailment." So in Goss Printing Press Co. v. Jordan, 171 Pa. 474, "The fact that the original intention of the parties is to make a sale and that such is the legal effect of their first agreement does not prevent a change, while it is still executory, into a bailment with an alternative of future conversion into a sale on the compliance with the stipulated conditions."

Massey, having the boiler in his possession under the contract of sale of January 6, 1900, which was fully executed, sold and delivered it, together with the furniture and fixtures of his hotel, to Myerson, without notice of the written agreement

of April 12, 1900. Plaintiff, having issued a writ of replevin against Massey, took the boiler from the possession of Myerson who, upon leave of court, intervened as defendant.

There was no dispute as to the facts and the court below held that as between the plaintiff who sold the boiler to Massey and the defendant Myerson, to whom Massey sold it, the written agreement of April 12, 1900, was not a bailment and directed a verdict for the defendant, and in this, which is the only complaint of the appellant, there was no error.

Judgment affirmed.