---

## In re TICE.

(District Court, M. D. Pennsylvania. June 29, 1905.)

No. 582.

1. BANKRUPTCY—CONDITIONAL SALE—VALIDITY AND EFFECT.

The validity of a contract reserving title in the seller to property in possession of a bankrupt is to be determined by the local law.

[Ed. Note.—For cases in point, see vol. 43, Cent. Dig. Sales, § 1323.]

2. SAME—LAW OF PENNSYLVANIA.

Under the law of Pennsylvania a reservation of title in a contract under which goods are delivered to another until the purchase price shall have been paid is void as against creditors of the person in possession, whatever may be the form of the contract, if it is essentially one of conditional sale, and not of bailment.

[Ed. Note.—For cases in point, see vol. 24, Cent. Dig. Fraudulent Conveyances, § 444; vol. 43, Cent. Dig. Sales, §§ 1391–1402.]

3. SAME—CONSTRUCTION OF CONTRACT—SALE OR LEASE.

Machinery was delivered to a bankrupt under a contract which provided that he should pay certain varying sums at irregular intervals as rent for the same, and that on a final small payment he should be entitled to a bill of sale. There was no provision for the return of the machinery aside from one giving the privilege of retaking it on default in making any of the payments. Held, that under the law of Pennsylvania such contract was one of conditional sale, and not of bailment, and that the property was assets of the bankrupt estate.

In Bankruptcy. On exceptions to decision of John M. Wilson, referee, sur petition of Good Roads Machinery Company, for the reclamation of property.

Addison Candor, for claimant.
Howard T. Janney, for trustee.

ARCHBALD, District Judge. It is admitted that the property in question was delivered to the bankrupt under the following agreement, and that the right of the claimant depends upon the construction to be given thereto.

Howard, Pa., June 1, 1904.

Good Roads Machinery Co.
Kennett Square, Pa.

C. M. Tice,
Oak Grove, Clinton Co., Pa.
Care N. Y. C. R. R.                                         About June 10.

Rent Contract.

1. No. 4 Champion Rock Crusher, one set Mountings and Brake, one 16 ft. Elevator, one Twelve Ton Bin, one 32"x7 ft. Revolving Screen. C. M. Tice to pay freight on above machinery and to pay rent for use of same as follows: $200 in cash, the receipt of which the Good Roads Machinery Co. hereby acknowledges for rent from receipt of machinery till May 1, 1905; on May 1, 1905, * * * to pay $100 for rent till July 1, 1905; on July 1, 1905, to pay $100 for rent till Aug. 1, 1905; on August 1 to pay $100 for rent till

Sept. 1, 1905; on September 1 to pay $100 for rent till Oct. 1, 1905; on October 1, 1905, to pay $50 for rent till May 1, 1906; on May 1, 1906, to pay $100 rent for mach. till June 1, 1906; on June 1, 1906, to pay $200 for rent till July 1, 1906; on July 1, 1906, to pay $100 for rent till September 1, 1906; on Sept. 1, 1906, upon further payment of $100 Good Roads Machinery Co. agree to give C. M. Tice bill of sale of above machinery, Good Roads Machinery Co. to have privilege of taking machinery if rent is not paid within 60 days from times due.

J. C. Lawrence, Agt. for Good Roads Machinery Co.
C. M. Tice.

The character of this instrument is to be determined by the local law. Hewit v. Berlin Iron Works, 194 U. S. 296, 24 Sup. Ct. 690, 48 L. Ed. 986; In re Butterwick (D. C.) 131 Fed. 371. By a long line of decisions the courts of Pennsylvania are committed to the general doctrine that the delivery of goods with a provision that the title shall not pass until the purchase price has been paid is void as to creditors of the party to whom they are delivered. Martin v. Mathiot, 14 Serg. & R. 214, 16 Am. Dec. 491; Chamberlain v. Smith, 44 Pa. 431; Brunswick v. Hoover, 95 Pa. 508, 40 Am. Rep. 674; Farquhar v. McAlevy, 142 Pa. 233, 21 Atl. 811, 24 Am. St. Rep. 497; Ott v. Sweatman, 166 Pa. 217, 31 Atl. 102; Morgan Electric Co. v. Brown, 193 Pa. 351, 44 Atl. 459. And it is also declared that the essential character of the transaction will be regarded, rather than the particular form which it assumes. Brunswick v. Hoover, 95 Pa. 508, 40 Am. Rep. 674; Ott v. Sweatman, 166 Pa. 217, 31 Atl. 102; Hervey v. Locomotive Works, 93 U. S. 664, 23 L. Ed. 1003. Notwithstanding this, however, there have been so many refinements and distinctions, as well as conflicting, if not contradictory, deliverances, that it is not always easy to determine whether any given transaction is, on the one hand, a conditional sale, or, on the other, a bailment. It has been held, for instance, to be of the essence of a bailment that there shall be a return of the property. Stephens v. Gifford, 137 Pa. 219, 20 Atl. 542, 21 Am. St. Rep. 868. And that this must therefore be stipulated for. Farquhar v. McAlevy, 142 Pa. 233, 21 Atl. 811, 24 Am. St. Rep. 497; Morgan Electric Co. v. Brown, 193 Pa. 351, 44 Atl. 459. But the necessity for such a stipulation is denied in Enlow v. Klein, 79 Pa. 488, and Edwards' Appeal, 105 Pa. 103; stress being laid in the latter case, however, on provision for a definite term; while in Stiles v. Seaton, 200 Pa. 114, 49 Atl. 774, it is declared that neither a stipulation for the return of the property, nor a definite term, is necessary, although both are admitted to be important, and the absence of them sometimes controlling.

Disposing, then, of the case in hand as best we may, the question is as to the character of the writing under which the property was delivered to the bankrupt. It is to be observed that, although it is called a "rent contract," and the party to whom the possession was given is "to pay rent for the use of the same" in certain installments, covering specified periods, there is no actual hiring or leasing in so many words, nor anything beyond what has been mentioned, to make that out of it. If it is a contract of bailment, in other words, it is such not by direct provision, but by implication only. In view of this, the failure to provide for a return of the property, and the

absence of a definite term, even under the authority of Stiles v. Seaton, supra, are significant. It is true that rent, so called, is to be paid up to a certain time, which may thus be said to determine the life of the contract. But the question is, what is to happen after that, and why, if a return was contemplated, was it not provided for? On the basis that the payments to be made are rent—up to the last one, which is not so denominated—it is somewhat peculiar that no rate per month or year is given by which to continue the arrangement in force; and it is thus brought to an end without any provision for its extension, or for a return of the property, other than the general right which the owner would have to get it back. No doubt, under the contract, if the installments of rent which are there spoken of remain unpaid for 60 days after they severally become due, the machinery company may take the property. But, as was said in Morgan Electric Co. v. Brown, 193 Pa. 351, 44 Atl. 459, this is evidently for the purpose of enforcing payment, rather than securing the property at the end, and is entirely consistent with the idea of a conditional sale. The case, as it seems to me, comes as near as any to that of Farquhar v. McAlevy, 142 Pa. 233, 21 Atl. 811, 24 Am. St. Rep. 497, where the contract was declared to be of that character. There is no delivery here of the goods in trust for a certain purpose, upon the accomplishment of which they are to be returned again, which is of the essence of a bailment. On the contrary, they are turned over indefinitely, for no apparent purpose, the only thing stipulated for being the payment of certain sums at certain times. It is true that these are declared to be for the use of the property; but so they were in Farquhar v. McAlevy, 142 Pa. 233, 21 Atl. 811, 24 Am. St. Rep. 497, and yet that was not enough to save it. In the final analysis, and looking to the substance of the agreement, it amounts to nothing more than this: that upon the payment of the installments which are there provided for, by the party to whom the property is delivered, he is to become absolutely entitled to it. This is not an option, superadded upon an intermediate bailment, to come into effect upon certain conditions at its close, as in Myers v. Harvey, 2 Pen. & W. 478, 23 Am. Dec. 60, but it is an essential and controlling feature of the transaction from the outstart, upon which the possession of the property was parted with. If this be so, it is difficult to see how we can escape the conclusion that it was a sale, and not a bailment, subjecting the property to the claims of creditors. If it was not so intended, it would have been easy to have provided otherwise, and the parties have only themselves to blame. The burden in every such case is upon the one who asserts the contrary, and the contract is to be construed most strongly against him, which in case of doubt would be sufficient to turn the scale.

The exceptions are overruled, and the report of the referee recommending the dismissal of the petition is confirmed.