In re POORE.

(District Court, M. D. Pennsylvania.   August 4, 1905.)

No. 667.

BANKRUPTCY—VENDOR AND PURCHASER—CONDITIONAL SALE OR BAILMENT—
RIGHT TO RECLAIM PROPERTY FROM TRUSTEE.

The delivery of a safe to a bankrupt, under a written contract by which
he agreed to turn over an old safe, make a cash payment, and execute
notes at 3, 6, 9, and 12 months for the balance of the price, it being fur-
ther agreed that upon payment of the same the safe was to be his, under
the law of Pennsylvania constituted a conditional sale, and not a bail-
ment, notwithstanding it was further provided that the payments were
to be considered rent, and that title should not pass until the full amount
stipulated for had been paid; no term being fixed during which the prop-
erty was let or hired, nor any provision made for its return at the end
of that time, nor any rate per week, month, or otherwise agreed upon,
at which it was to remain.   In such case the reservation of title was void
as against creditors, and gave the seller no right to reclaim the property
from the trustee in bankruptcy, into whose hands it had passed from the
bankrupt.

In Bankruptcy.   Sur petition of the Cary Safe Company to re-
claim certain property.

W. W. Baylor, for petitioner.
F. K. Tracy, for trustee.

ARCHBALD, District Judge.   The petitioners ask for an order
on the trustee to turn over a safe delivered by them to the bankrupt
upon the following writing:

"Scranton, 7/21 1904.
"Cary Safe Co.
      "Buffalo, N. Y.
"Please send as soon as convenient, one No. 26 Fire Proof Safe, approxi-
mate size inside, 40 inches high, 32 inches wide, 15 inches deep, as per illus-
trated catalogue, or plan on back hereof, if any, necessary alterations allowed.
Ship via ――― from Buffalo N. Y., and rent same to undersigned on following
terms, F. O. B. my office, notes $125 and my O[ld] S[afe] as follows:   $25
and my O. S. on arrival of safe, balance in 3, 6, 9, and 12 months.   Subject
to approval [of] Cary Safe Co.   The above mentioned safe is now at St.
Mary's, Pa., and was formally [formerly] sold to Parsons & Son.

"It is agreed [that the] above sums are to be paid as rent for said safe.   When the full
amount of $25 and O. S. is paid, you are to give me a bill of sale of safe.   If note is not
forwarded to you at the expiration of twenty-five days from date of invoice all rent shall
become due at the expiration of thirty days from date of bill, and [I] agree to accept
and pay draft of amount mentioned below, and am not to countermand or attempt to an-
nul this contract.   It is agreed that the title of said safe shall not pass until notes are
paid, or safe paid for in cash, but shall remain your property until that time.   In default
of payment of said rent, you or your agent may take possession of and remove said safe
without legal process;   all claims for damages arising from such removal being hereby
waived.   You are to retain any payments made for use of safe.   Nothing but shipment
or delivery constitutes an acceptance of this contract.   It is also hereby expressly agreed
and understood that the foregoing embodies all the agreements made between us in any
way, hereby waiving all claims of verbal or other agreements of any nature not em-
bodied in this contract.   The receipt of a duplicate hereof is hereby acknowledged.

"AGENTS NOT AUTHORIZED TO MAKE COLLECTIONS.
"Amount $125 and O. S.
                  "Truly yours,                                    J. B. Poore."

The old safe called for by this paper was delivered, and the first
three payments of $25 each were made, leaving $50 due at the time
of bankruptcy.   Just prior to that an agent of the petitioners called

on the bankrupt, and asked for the safe, but it was not turned over to him, although, as it is claimed, it was promised.

Taking the writing, which was executed by the bankrupt, as defining the rights of the parties, the question is as to its legal effect; that is to say, whether it is to be treated as a bailment or a conditional sale. This court has recently considered the general question as to what is necessary to make out a bailment (In re Tice, 139 Fed. 52), and there is no occasion to repeat what is there said. The present case is to be classed, in my judgment, with Farquhar v. McAlevy, 142 Pa. 233, 21 Atl. 811, 24 Am. St. Rep. 497, Ott v. Sweatman, 166 Pa. 217, 31 Atl. 102, and Morgan Electric Co. v. Brown, 193 Pa. 351, 44 Atl. 459, in each of which the writing was held to constitute, not a bailment, but a conditional sale. It is argued for the opposite of this that the bankrupt in the writing requests that the property shall be leased to him, and agrees that the sums which he is to pay shall stand as rent, and that the title shall not pass until the amount stipulated for is fully paid. The latter provision, however, is of no effect (Thompson v. Paret, 94 Pa. 275; Brunswick v. Hoover, 95 Pa. 508, 40 Am. Rep. 674; Peek v. Heim, 127 Pa. 500, 17 Atl. 984, 14 Am. St. Rep. 865); and, having regard to the general tenor of the instrument, the others are little more so. No term is fixed during which the property is let or hired, nor is any provision made for its return at the end of that time; neither is there any rate per week, month, or otherwise, at which it is to remain. The bankrupt simply agrees to pay for the property, in addition to turning over his old safe, the sum of $125, of which $25 is to be in cash and the balance in installments at three, six, nine, and twelve months. The legal effect of this is not to be disguised. By express agreement the safe is to become the property of the bankrupt upon payment of the price named, and this is practically all there is to it, which makes it nothing more or less than a sale. And neither the calling of the payments rent, nor the provision that title shall not pass, nor the other conditions by which the transaction is supposed to be hedged about, are able to make it anything else. There is no occasion to be astute in upholding such instruments, which in nearly every case are intended to get around the law, and, for the mere purpose of securing the payment of the price, make that out a bailment which in the real negotiations between the parties was understood and intended to be a sale. The suggestion in the present instance that, before the bankrupt had filed his petition, on demand made upon him, he agreed to turn over the property to the petitioners, is of no account. He did not in fact surrender it, and remaining, as it did, in his hands, it was liable to be seized by creditors, and that fixes the rights of the trustee.

The petition is dismissed.