In re POORE (2).

(District Court, M. D. Pennsylvania. September 26, 1905.)

No. 667.

BANKRUPTCY—CONDITIONAL PURCHASE OF PROPERTY—RECLAMATION BY SELLER.
    A conditional sale of property, which under the law of Pennsylvania subjects it to execution in favor of creditors of the purchaser, cannot be converted into a bailment, effective against existing creditors, by an agreement made after the property has been delivered, so as to entitle the seller to reclaim the same from the purchaser's trustee in bankruptcy, where such existing creditors remain unpaid.

In Bankruptcy. Sur petition of James J. McCabe for the reclamation of certain property.

For a somewhat similar case in the same estate, see 139 Fed. 862.

C. B. Little and H. A. Knapp, for petitioner.
F. K. Tracy, for trustee.

ARCHBALD, District Judge. This is a proceeding to reclaim certain property, in the possession of the bankrupt, which the petitioner claims was merely hired or loaned. The facts are not in controversy. In October, 1903, Mr. Poore, who was just starting to equip his pump works, went to Mr. McCabe, the petitioner, and wanted to buy some machinery. Having known him favorably for some time and desiring to accommodate him, but not seeing his way to give him credit,

Mr. McCabe agreed to let him have what he wanted, provided it could be arranged that the title should not pass, and that the transaction should stand as a loan merely. To this Mr. Poore assented, agreeing to sign whatever was necessary to carry it out, and on October 13, 1903, on the strength of it, Mr. McCabe let him have two machines, a part of the property which is now claimed. A writing was also drawn up, supposed to be expressive of the understanding between them, but it was not executed by either. A month later, on November 14th, the rest of the machinery was shipped, and a paper, similar in terms and covering the previous shipment also, following the form in use by Mr. McCabe in such transactions, was drawn up and sent to Mr. Poore, who duly executed and returned it. A copy of this is given in the margin.[1] The figures named in it are the prices at which the property

[1]This agreement, made this 14th day of November, 1903, by and between James J. McCabe, of the city, county, and state of New York, of the first part, and J. B. Poore (Lackawanna Pump Works) with office and works at Scranton (Green Ridge), Penna., party of the second part, witnesseth: Whereas the said James J. McCabe has this day delivered to J. B. Poore (Lackawanna Pump Works) the following described property, to wit: One Bullard turret machine, style H. One Powell planer, 30x30x6 ft. 1 Bullard engine lathe, 24x14½ ft. One Le Blond engine lathe, 14x6 ft., complete with chuck. One new Oesterlein No. 24 Universal milling machine. One new Prentice 20 inch upright drill. One new 21 inch, 4 jaw combination chuck. One new 22 inch, 4 jaw independent chuck. One planer chuck. The said J. B. Poore (Lackawanna Pump Works) agrees to pay for the said property the sum of twenty-nine hundred and forty-eight dollars ($2,948.00) to be paid as follows: Cash $400, and note at 3 months from Nov. 14th, 1903, for $2,586.22 (which includes balance of purchase price $2,548.00; interest for 3 months at 6%— $38.22). At expiration of this note, $400 cash to be paid, and a renewal note of three months given for the balance, with interest. When this first renewal is due, $1,000.00 cash to be paid and a renewal note given for the balance, with interest. When this second renewal note is due, one-half cash to be paid and a renewal note to be given at two months, with interest, for the balance, which third renewal note will be paid at maturity.

And it is agreed that the said James J. McCabe does not relinquish his title to such property, but that he shall remain the sole owner thereof, until the said sum is fully paid in money, and the notes given as aforesaid or any renewals thereof are paid in full.

And it is agreed that the said J. B. Poore (Lackawanna Pump Works), shall keep the said property at his place of business in the city of Scranton, Penna., and that he will not remove or allow any part of said property to be removed from said place nor from his possession or control without the consent of the said James J. McCabe, and that in case any of such property shall be removed without such consent or any default shall be made in the payment of any of the notes or any of the renewals thereof as the same shall become due and payable, or execution issued thereon or any receiver of his property be appointed, then the said James J. McCabe may take possession of said property without legal process and may enter on the premises where such property or any part thereof is and remove the same without any let or hindrance from said J. B. Poore (Lackawanna Pump Works); he waiving any and all claims of action for trespass or damage therefor and disclaiming any right of resistance thereto.

And it is further agreed that, if the said James J. McCabe shall take possession of said property without legal process because of any default as aforesaid, he may retain any money previously paid as and for compensation for the use of said property.

And it is further agreed that the said J. B. Poore (Lackawanna Pump Works) shall keep said property fully insured at their own expense for the benefit of the said James J. McCabe, and that this agreement shall bind here-

was held, and for which it would be sold, if a sale were made, and memorandum bills were sent to Mr. Poore the same as though this were the case—one, of the date of October 13, 1903, covering the first two pieces of machinery, the price of which was $1,500, and the. other, November 14, including the whole, at $2,948. On this something over $900 was paid, leaving about $2,000 due at the time of the failure.

The agreement which was entered into, whatever its effectiveness elsewhere, amounted in this state to nothing more than a conditional sale, which subjected the property to execution at the instance of creditors, and so cannot be successfully asserted against the trustee here. In re Butterwick, 12 Am. Bankr. Rep. 536, 131 Fed. 371. This is so palpably the case that there is no attempt to dispute it. It appears, however, that after the machinery had been in Mr. Poore's hands some three or four months, and he had made a payment or two upon it, on February 4, 1904, Mr. McCabe deemed it necessary to have a new agreement drawn, which was executed by both parties, and in which it was agreed that the property should be leased to Mr. Poore for a year at a specified annual rental of $3,000, upon payment of which he was to have the right to buy for the additional sum of $80.50. At the end of the year a similar agreement in renewal of the first was entered into for a like period; the rent being fixed at $2,000, and the right to buy being given upon the payment of $1. It is not necessary to set out these two agreements at length, as this is the substance of them, and they admittedly are, what they claim to be, contracts of bailment, good under the law of this state and effective to hold the property, if they had been entered into in season. The question, however, is as to their validity, considering the time when this was done.

It is testified by Mr. Poore that in October, 1903, when he got the first of this machinery, he was indebted to sundry parties to the extent of $10,800, the whole of which still remains unpaid. Also, that between that time and February, 1904, when the new agreement was executed, he became indebted to several others to the extent of nearly $600 more, which also has not been paid. However it may be as to those who came in later, as to these creditors it is clear that the attempted change of the arrangement by which Mr. Poore became originally possessed of the property was of no avail. No doubt, while the matter was still executory, the conditions on which it was held could be readjusted. Goss Printing Co. v. Jordan, 171 Pa. 474, 32 Atl. 1031; Stiles v. Seaton, 200 Pa. 114, 49 Atl. 774; In re Naylor Mfg. Co., 14 Am. Bankr. Rep. 284, 135 Fed. 206. But not to the detriment of those creditors who either

to the parties concerned and their respective executors, administrators, assigns, and successors.

In witness whereof the party of the second part has hereunto set his hand and seal this ———.                                             J. B. Poore.

Signed, sealed, and delivered in presence of
G. A. Fuller.

State of Pennsylvania, City of Scranton, County of Lackawanna—ss.:

On this 23d day of November, 1903, personally came J. B. Poore, to me known and known to me to be the individual described in and who executed the foregoing instrument, and he acknowledged that he executed the same.
A. C. Bailey, Ald.

were such at the time the machinery was obtained or had become so since then, as to whom it had passed beyond the executory stage. The case is like that of Brunswick v. Hoover, 95 Pa. 508, 40 Am. Rep. 674, where a similar attempt was ineffectually made.

It is said, however, that the undertaking with Mr. Poore, when the machinery was bargained for, was that he would execute whatever writings were necessary to retain title in the petitioner until it was paid for, and that, this being the condition on which the property was parted with, the contract of bailment, which was finally entered into, must be regarded as merely carrying this out. But the verbal agreement at the outstart, whatever it was, was merged in the writing of November 14th which followed, and it is by this that the transaction must be judged. After its execution, the property having been meanwhile delivered, it constituted the contract on which it was held, and, as already intimated, as to existing creditors and others who came in prior to February 4th following, it could not be changed.

The petition is dismissed, with costs.