## In re ANGENY.

(District Court, E. D. Pennsylvania. March 8, 1907.)

### No. 2,577.

SALE—CONDITIONAL SALE—BAILMENT—NATURE OF TRANSACTION.

Where goods were delivered to A. before he became bankrupt, under a written agreement expressly providing that the property was delivered to him as a bailee on hire and that if default in payment of any of the rents for the use and hire of the goods, wares and merchandise by the bailee were made, the bailor was authorized to repossess himself of the property, the transaction was a bailment, and not a conditional sale.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, §§ 1325, 1327, 1331.]

In Bankruptcy.

A. J. Bennett, for claimant.
William S. Furst and Harry M. McCaughey, for trustee.

HOLLAND, District Judge. In this case the referee found that the agreement in question is a bailment, and not a conditional sale, and that J. Burton Felver, the claimant, is entitled to the goods and chattels which were found on the bankrupts' premises, and set out in Schedule A and attached to the petition. The trustee in bankruptcy claims the agreement to be a conditional sale. It is dated February 27, 1905, and, as near as the circumstances would permit, the language used therein followed the agreement set out in the case of Stiles v. Seaton, 200 Pa. 114, 49 Atl. 774, where the Supreme Court of Pennsylvania held that a written agreement, which is otherwise a bailment of personal property, is not converted into a sale by the fact that it contains no stipulations for the return of the property except the right of the lessor to retake it on default in payment of installments or violation of the covenants as to underletting, selling, etc., and by the fact that no definite term is stipulated for. The agreement differs from that set forth in Re Tice (D. C.) 139 Fed. 52, in that the one in question states expressly that the property is delivered unto the bailee on hire, whereas this is only inferred in the Tice Case, and further, all the quarterly payments are expressly stated to be "for the use and hire of the said goods, wares, and

merchandise," which is not so in Re Tice. In default of payment of the rentals the bailor, Felver, is authorized under the agreement to repossess himself of the property. As was well said by the learned judge in the Tice Case:

"There has been so many refinements and distinctions, as well as conflicting, if not contradictory deliverances, that it is not always easy to determine whether any given transaction is on the one hand a conditional sale or on the other a bailment."

It has been held that it is essential in a bailment that there shall be a stipulation for the return of the property. Stephens v. Gifford, 137 Pa. 219, 20 Atl. 542, 21 Am. St. Rep. 868; and Farquhar v. McAlevy, 142 Pa. 233, 21 Atl. 811, 24 Am. St. Rep. 497. It has also been held that a bailment must contain a provision for a definite term, but the court in the case of Stiles v. Seaton, supra, the last case reported, has declared that neither a stipulation for a return of the property, nor a definite term, is necessary; but that the essential character of the transaction will be regarded.

The decision of the referee is affirmed.