## In re MANOLIS et al.
### No. 14582.

District Court, W. D. Pennsylvania.
April 5, 1930.

James Gregg, of Greensburg, Pa., referee.

Samuel R. Sorber, of Greensburg, Pa., receiver and trustee.

Bauer & Copeland and Edward G. Bauer, all of Greensburg, Pa., for reclamation petitioner, Louis Lampropolos.

John M. O'Connell, of Jeannette, Pa., for Samuel R. Sorber, receiver and trustee.

GIBSON, District Judge.

Louis Lampropolos filed a petition to the referee for Westmoreland county wherein he sought to reclaim certain fixtures and personal property in possession of the receiver of the bankrupts. The referee having refused his petition, he has caused the matter to be certified to this court for review.

Upon hearing before the referee, it was made to appear that prior to August 1, 1927, Louis Lampropolos, William Zanos, and George Manolis had conducted a restaurant and candy business in Jeannette under the name of Jeannette Restaurant and Candyland. By agreement entered into August 1, 1927, Louis Lampropolos and William Zanos retired, and George Manolis continued in the business with James Lampropolos.

By an agreement signed by the four persons named, it was agreed that Louis Lampropolos and William Zanos should sell their interest, good will, etc., in the restaurant and candy business to George Manolis and James Lampropolos for the sum of $6,700, and that Louis Lampropolos, owner of certain fixtures in the restaurant (which form the subject-matter of the present reclamation petition), would turn over to George Manolis and James Lampropolos such fixtures upon an alleged bailment lease. By the agreement it was provided that George Manolis and James Lampropolos, for the hire and bailment of the fixtures in question for a period of thirty-

one months, would pay to Louis Lampropolos, bailor, $100 on the delivery of the fixtures and $200 every month until the sum of $6,300 should have been fully paid for the use and hire of said goods.

It was further provided in the alleged bailment agreement that upon payment of the sum of $100 in addition to the $6,300 rental, Louis Lampropolos would deliver to George Manolis and James Lampropolos a bill of sale for the goods. Provision was also made for the repossession of the restaurant equipment by the bailor in event of the failure of George Manolis and James Lampropolos to comply with the terms of the alleged lease.

George Manolis and James Lampropolos failed to make the payments contemplated by the agreement, except for amounts aggregating $2,600, when bankruptcy intervened.

As the matter was presented to the court, our decision hinges upon the nature of the contract. It was agreed by counsel for the trustee and counsel for the petitioner that if the agreement was a conditional sale contract, then the trustee was entitled to the possession of the property in question, and the referee's decision must be affirmed; and, on the other hand, if the agreement disclosed a bailment lease, then the petitioner was entitled to the property and the decision should be reversed.

Under Pennsylvania law, three elements are essential to the validity of a bailment. These are: First, a term for which the chattel is to remain in the possession of the bailee; second, a rental agreed upon between the parties; and, third, an agreement for the redelivery of the article to the bailor in the same, or in an altered form. In applying this test, we are of opinion that the agreement in question measures up to the requirements of a bailment. True, the only specific provision in the agreement for the return of the restaurant equipment is in connection with the clause relating to default in payment of the rent. But return of the goods at the end of the rental period is necessarily implied by the agreement, we think, in the absence of the further payment leading to a bill of sale. Specific agreement for return of the goods at the end of the rental period is not required, provided an implied agreement plainly appears. Stiles v. Seaton, 200 Pa. 114, 49 A. 774.

Our conclusion in respect to the character of the agreement requires the reversal of the referee's ruling.