## In re MILLER VEIN COAL CO.
### No. 16893.

District Court, W. D. Pennsylvania.
May 2, 1933.

Reuel Somerville, of Patton, Pa., for bankrupt.

Clarence E. Davis, of Ebensburg, Pa., for creditors.

C. R. Myers, of Ebensburg, Pa., referee in bankruptcy.

McVICAR, District Judge.

May 15, 1931, the First National Bank of Patton, Pa., by a written contract designated

a lease, leased to the Miller Vein Coal Company certain coal mining machinery, tools, and equipment for a period of 32 months, at a total rental of $9,600, payable $300 monthly. Title to the demised property was to remain in the lessor. Redelivery by the lessee was to be made to the lessor under the provisions of the lease. No privilege was given to lessee of purchase at any time. The Miller Vein Coal Company was adjudged a bankrupt. The First National Bank of Patton claimed from the trustee the property aforesaid on the ground that it was the owner thereof and that it was entitled to possession by virtue of the terms of said lease. The trustee refused on the ground that said contract constituted a conditional sale, and that under the Pennsylvania and bankruptcy laws he was entitled to said property for the benefit of the bankrupt estate. The referee decided this issue in favor of the bank, and on March 13, 1933, directed said property to be delivered to the bank. This order is now before us for review.

 The title to personal property being involved, this court will follow the decisions of the highest courts of Pennsylvania. Thompson v. Fairbanks, 196 U. S. 516, 532, 25 S. Ct. 306, 49 L. Ed. 577, and Hiscock v. Varick Bank of New York, 206 U. S. 28, 37, 38, 27 S. Ct. 681, 51 L. Ed. 945. In determining whether the contract between the bank and the coal company constituted a contract of bailment or of conditional sale, the intention of the parties governs. The best evidence thereof is the writing itself. Schmidt v. Bader, 284 Pa. 41, 46, 130 A. 259. In Stern & Company v. Paul et al., 96 Pa. Super. Ct. 112, 116, it is stated: "Perhaps no entirely satisfactory and accurate definition of a bailment lease, as distinguished from a conditional sale, can be given. It may, however, be said that, generally, where a person receives possession of a chattel under an agreement which contains apt words of lease, fixes a definite term and a certain rental, and includes an undertaking to return the same property at the termination of the lease, the mere fact that the bailee has an option to purchase the property during or at the expiration of the period of the lease does not transform the transaction into a conditional sale. One further factor may be added; it is important that the bailment should be for use and not for sale."

The lease in the present case "contains apt words of lease, fixes a definite term and a certain rental, and includes an undertaking to return the same property at the termination of the lease."

In the case of Manolis, 44 F.(2d) 664, 665, 15 A. B. R. (N. S.) 694, Judge Gibson, speaking for this court, said: "Under Pennsylvania law, three elements are essential to the validity of a bailment. These are: First, a term for which the chattel is to remain in the possession of the bailee; second, a rental agreed upon between the parties; and, third, an agreement for the redelivery of the article to the bailor in the same, or in an altered form."

That the parties in the present case intended a bailment contract is not negatived by the option to sell given lessor as to a part of the property, or the right to remove a part of the property given to lessee, or the provision for payment of fire insurance premiums by lessee, or that lessee was to pay interest on the notes of $300, representing the monthly rental, or the other provisions of the lease referred to by counsel for lessee. All these provisions were consistent with the retention of title in the bailor and that the contract involved was a contract of bailment.

The order of the referee of March 13, 1933, is confirmed.